## McClain, Appellant, v. McClain.

*Divorce—Marriage—Marriage of first cousins—Annulment of marriage.*
Since the passage of the Act of June 24, 1901, P. L. 597, marriage of first cousins is incestuous; and either party irrespective whether he or she is "an innocent or injured party," is entitled under the Act of March 13, 1815, 6 Sm. L. 286, to have the marriage annulled in divorce proceedings.

Argued April 23, 1909. Appeal, No. 196, April T., 1909, by plaintiff, from order of C. P. Washington Co., Aug. T., 1908, No. 154, dismissing libel in divorce in case of Florence McClain

v. Jesse McClain. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Libel for divorce. Before TAYLOR, J.

From the record it appeared that the libelant and respondent were first cousins, and were married on January 28, 1908. The libelant testified that she never lived with her husband nor cohabited with him.

*Error assigned* was order dismissing libel.

*George J. Campbell*, with him *Vernon Hazzard*, for appellant. —The learned court erred in assuming that this proceeding is an "application of an innocent or injured party" under the Act of April 14, 1859, P. L. 647; whereas it is a proceeding under the Act of March 13, 1815, sec. 5, 6 Sm. L. 286, to annul a marriage which is void by reason of consanguinity or affinity.

It is settled law in England and in several of the United States that a party to an incestuous marriage is not barred of the right to a divorce because the marriage was knowingly and willfully contracted: Andrews v. Ross, L. R. 14 Probate Div. 15; Miles v. Chilton, 1 Robertson's Ecclesiastical Reps. 684; Martin v. Martin, 54 W. Va. 301 (46 S. E. Repr. 120); Stapleberg v. Stapleberg, 77 Conn. 31 (58 Atl. Repr. 233).

The Act of March 13, 1815, sec. 5, 6 Sm. L. 286, having expressly conferred jurisdiction upon the courts of common pleas of the commonwealth to grant divorces where incestuous marriages have occurred, it was error for the learned court below to dismiss the libel: Parker's Appeal, 44 Pa. 309; Walters' Appeal, 70 Pa. 392; Adams's Estate, 6 Pa. C. C. Rep. 591.

OPINION BY HENDERSON, J., July 14, 1909:

The fifth section of the act of March 13, 1815, 6 Sm. L. 286, provides: "That all marriages within the degree of consanguinity or affinity, according to the table established by law, are hereby declared void to all intents and purposes; and it shall and may be lawful for the court of common pleas of this commonwealth, or any of them, to grant divorces from the

bonds of matrimony in such cases; and the parties shall be subject to like penalties as are contained in the act against incest. But when any of the said marriages shall not have been dissolved during the lifetime of the parties the unlawfulness of the same shall not be inquired into after the death of either the husband or wife." The thirty-ninth section of the Act of March 31, 1860, P. L. 382, prohibits the marriage of persons within the degree of consanguinity or affinity therein prescribed, subjects the persons contracting such a marriage to prosecution for a misdemeanor and also declares such marriage to be void. The Act of June 24, 1901, P. L. 597, prohibits the marriage of persons "who are of kin of the degree of first cousins" and declares that all marriages contracted in violation of the act are void. The relationship of first cousin was not one of the degrees of consanguinity designated in the act of 1860, and it is evident that the legislature intended to add first cousins to the classes of persons between whom marriage is incestuous. They are, therefore, of a degree of consanguinity covered by the provision of the fifth section of the act of 1815, so far as the marriage contract is concerned, and a marriage between persons thus related is unlawful and void. Incestuous marriages are forbidden as indecent and against nature; hence, the statutory provision for annulling them and for the punishment criminally of persons entering into such contract. This proceeding was instituted in the court below to annul such a marriage. The plaintiff and respondent were first cousins. The fact of the relationship is clearly shown, and the appellant desires to be relieved from the effect of a marriage contract which since her marriage she has found to be unlawful and criminal. The learned judge of the court below was influenced in entering a decree against the libelant by the consideration that she was not "an innocent or injured party" and concluded that where both of the parties contributed to the illegal marriage and had equal grounds for a divorce the court would withhold the decree, leaving them to make the best of the status created by themselves. The act of 1815 makes no reference to "an innocent or injured party," however. The section providing for annulling incestuous marriages was intended to enable the parties to

rectify as far as possible the wrong done and to relieve society from the odium of such an illegal relationship. Either party was given a place of repentance and an opportunity to make restitution. There is a class of cases where only the innocent or injured party will be heard in an application to annul a marriage, as provided in the Act of April 14, 1859, P. L. 647. That applies, however, to cases of supposed or alleged marriages which are absolutely void by reason of one of the parties thereto having a husband or wife living at the time. In such a case the innocent party may have a decree that the supposed marriage is null and void. The decree in that case is not that a divorce be granted, but that the marriage be declared void. As no such restriction is found in the act of 1815, the fact that the libelant knew of the kinship existing is not a bar to this proceeding. The marital relationship of the libelant with the respondent cannot be continued lawfully, and the policy of the law should be to permit them to undo the wrong committed. Such is the view taken in England as shown in Andrews v. Ross, L. R. 14 Probate Div. 15, which was decided under the matrimonial causes act of 1857; Miles v. Chilton, 1 Robertson's Ecclesiastical Rep. 684; Johnston v. Parker, 3 Phil. 39. The same conclusion was reached in Martin v. Martin, 54 W. Va. 301, and in Stapleberg v. Stapleberg, 77 Conn. 31. Our own view of the case is in harmony with the practice so declared. The appellant ought not to be condemned to continue in a relationship which the law forbids and for the discontinuance of which it has made provision. Our conclusion is that the appellant has presented a case entitling her to relief.

The decree is therefore reversed and the record remitted to the court below with direction to enter a decree in accordance with this opinion.

It is further ordered that the appellee pay the costs of this appeal.