## Baker v. Baker.

*Divorce—Proceeding to annul marriage for bigamy—Alimony and counsel fees—Act of April 14, 1859.*

Where the right of the husband to have an alleged bigamous marriage annulled, under the Act of April 14, 1859, P. L. 647, is denied by the wife on the ground that he knew she was a married woman when the ceremony was performed, and, therefore, was not an innocent or injured party within the meaning of the act, she will be entitled to alimony *pendente lite* and counsel fees if without means to conduct the litigation.

Rule for counsel fee and alimony *pendente lite*. C. P. No. 5, Phila. Co., March T., 1924, No. 276.

*George J. Edwards, Jr.,* for libellant; *T. F. Thomas,* for respondent.

MARTIN, P. J., May 5, 1924.—A libel in divorce was filed, averring that, in violation of her marriage vows and the laws of this Commonwealth, the respondent, on Aug. 23, 1906, at the City of Philadelphia, contracted with libellant a marriage which was absolutely void by reason of the respondent having a husband, John Miller, then living, who resides in Philadelphia; that libellant is the innocent and injured party in this action, and praying that the alleged marriage of Clifford H. Baker, libellant, and Catharine Frances Baker, the respondent, be declared null and void.

Respondent filed an answer, admitting that she was lawfully married to John Miller and had not been divorced from him, and that he was living when she contracted the marriage with the libellant, but averring that when she first met libellant she told him she was a married woman with a living husband, who had deserted her; that libellant desired her to enter into a bigamous marriage with him, which she refused to do, and refused to marry him unless he paid for a suit to enable her to obtain a divorce from her deserting husband, as she was without means of her own; and that with money supplied by libellant she instituted divorce proceedings against John Miller in Court of Common Pleas No. 4 of Philadelphia County, as of December Term, 1905, No. 2009, and filed a libel on Jan. 2, 1906; that a master was appointed on July 12, 1906, and, although no further proceedings at that time were taken in the divorce action, libellant insisted upon respondent marrying him, and the marriage ceremony was performed on Aug. 23, 1906. The final decree divorcing her from John Miller was entered Oct. 22, 1923.

On Oct. 21, 1922, libellant deserted respondent and now refuses to contribute to her support.

Upon the filing of a petition by respondent, averring that she lived happily with the libellant as her husband for sixteen years until he deserted her on Oct. 21, 1922, that he continued to support her until August, 1923, that he is a man of means, and that she is physically unable to work, this rule was granted to show cause why libellant should not be ordered to pay a counsel fee and alimony.

An answer to the petition was filed by libellant, denying that respondent was his lawful wife, but admitting that he left her on Oct. 21, 1922, and refused to cohabit with her, averring that respondent falsely represented to him at the time the marriage was celebrated between them on Aug. 23, 1906, that she was a widow, and that her former husband had been dead for some time, when in fact she then knew he was alive; that libellant and respondent lived together and cohabitted as husband and wife until Oct. 21, 1922, at which time he learned that John Miller was respondent's husband and was living; libellant then refused to live with respondent and left her domicile. It was further averred in the answer that at the time the alleged marriage was

entered into between respondent and libellant, he did not know she was married and had a husband living; but when he learned of that fact, he left her and has since refused to return to her. The answer averred that the divorce proceeding instituted by libellant is for annulment of a supposed or alleged marriage and not for a divorce from the bonds of matrimony, and that in this proceeding for annulment there is no right on the part of respondent to demand alimony *pendente lite* or payment of a counsel fee, but if these allowances are to be made, they must abide the final decree of court.

The divorce proceeding was instituted under the terms of the Act of April 14, 1859, P. L. 647, which authorizes the Court of Common Pleas to decree the nullity of a bigamous marriage when the libellant shows not only the existence of a previous marriage by respondent, but that libellant is an "innocent or injured party to the alleged marriage with respondent:" O'Keefe v. O'Keefe, 3 Dist. R. 451.

Where the proof fails to show that the libellant is the innocent or injured party, but that he has wilfully and deliberately entered into a marriage ceremony, and has sustained with libellant an illegal relation, the law will not aid libellant to annul the marriage, but will leave the parties to their own devices: Heinzman v. Heinzman, 4 Dist. R. 225.

"To the innocent and injured party alone can relief be granted:" Thompson v. Thompson, 10 Phila. 131.

In Moyer v. Moyer, 1 D. & C. 196, it was held that: "The right of a wife to counsel fees and alimony *pendente lite* is not statutory, but is an outgrowth of the relationship of husband and wife, and pertains as well to actions for annulment as to divorce; and that a wife who denies the averment of her husband as to the invalidity of their marriage, which he seeks to have annulled, is entitled, if she is without means to contest, to a reasonable allowance for the purpose."

In Smith v. Smith, 24 Dist. R. 527, this court allowed alimony and counsel fee to a wife who instituted proceedings to annul a marriage with a bigamous husband. Quoting from Brown on Divorce, 267, and cases cited, the opinion of the court held that: "The validity of the marriage is not material where there has been a marriage, or some sort of entering upon the marital relations admitted or proved to the satisfaction of the court; and alimony will be allowed if there is a marriage *de facto*, although a marriage *de jure* is denied."

In Kline v. Kline, 1 Phila. 383, it was held that every presumption of law must be made in favor of the legality of the marriage admitted to have been consummated between the parties. In that case counsel fee and alimony were allowed pending the determination of the suit.

In McClain v. McClain, 40 Pa. Superior Ct. 248-251, Henderson, J., said: "There is a class of cases where only the innocent or injured party will be heard in an application to annul a marriage, as provided in the Act of April 14, 1859, P. L. 647. That applies, however, to cases of supposed or alleged marriages which are absolutely void by reason of one of the parties thereto having a husband or wife living at the time. In such a case, the innocent party may have a decree that the supposed marriage is null and void. The decree in that case is not that a divorce be granted, but that the marriage be declared void, . . . the marital relationship of the libellant with the respondent cannot be continued lawfully, and the policy of the law should be to permit them to undo the wrong committed."

And now, to wit, May 5, 1924, it is ordered that the rule for alimony and counsel fee be made absolute, and that the libellant pay $35 counsel fee and $25 per week alimony.