## Duchi v. Duchi.

*D. M. Weiner,* for libellant.

BROWNSON, P. J., May 7, 1928.—The case of McClain v. McClain, 40 Pa. Superior Ct. 248, holds that the Act of March 13, 1815, 6 Sm. Laws, 286, applies to, and confers jurisdiction in, proceedings to annul marriages entered into in contravention of the Act of June 24, 1901, P. L. 597. *(Cf.* Schofield v. Schofield, 51 Pa. Superior Ct. 564, which was spoken of in Weiss v. Weiss, 8 D. & C. 534, 537, 538, as "disagreeing in part with the ruling in McClain v. McClain.")

The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, confers jurisdiction to determine and declare "rights, status and other legal relations" which are affected by, or as to which a question arises under, a statute, contract, etc. Here, the question raised is one of the validity of a marriage contract, arising under a statute, and of the status of these parties as to their being or not being, by virtue of a lawful marriage, man and wife.

We think it clear that the court is invested with jurisdiction to make the decree for which the petitioner prays in his libel.

### Decree.

And now, May 7, 1928, it being made to appear and being found as a fact, that John Duchi and Mary Duchi *(nee* Martin) are first cousins by consanguinity, it is determined, declared and decreed that the marriage which the said parties entered into at Pittsburgh, Pennsylvania, on or about Nov. 1, 1927, was so entered into in contravention of the provisions of the Act of Assembly of this Commonwealth approved June 24, 1901, P. L. 597, and by the force and effect of the said statute was rendered, and was and is, null and void; that the said marriage is annulled, and that the status, relations, rights, duties and powers of said parties, respectively, are and shall be in all respects as if they had never entered into the marriage, or supposed marriage, aforesaid.        From Harry D. Hamilton, Washington, Pa.