# CHARLESTON.

MARTIN *v.* MARTIN.

Submitted September 9, 1903—Decided December 5, 1903. ·

1. MARRIAGES.
   Under sections 1, 3 and 4, chapter 64, Code, all unlawful marriages are made voidable by decree of a court of chancery. (p. 302).

2. MARRIAGES.
   Incestuous marriages will be annulled by such court at the instance of either party although the applicant may have knowingly, wilfully and wickedly entered into the same. (p. 302).

3. MARRIAGES.
   The continuance of such marriage is contrary to good morals and public policy. (p. 202).

Appeal from Circuit Court, Randolph County.

Action by S. J. Martin against Sarah Martin. Decree for defendant, and plaintiff appeals.

*Reversed.*

W. B. MAXWELL, for appellant.

HARDING & HARDING, for appellee.

DENT, JUDGE:

S. J. Martin complains of a decree of the circuit court of Randolph county rendered on the 16th day of October, 1902, in his suit against his wife, Sarah Martin, in these words: "Upon

consideration whereof and without passing upon said demurrer, the court is of the opinion that the plaintiff is not entitled to be heard in a court of chancery, and therefore the relief prayed for in his bill is denied him." Thereupon the court dismissed his bill. He appeals.

It is hardly necessary to notice the question of jurisdiction raised. This was fully settled in the case of *Hitchcox* v. *Hitchcox,* 2 W. Va. 435, and the court sees no good reason to depart therefrom. It is a chancery cause determined by the circuit court involving the personal rights of the parties.

The bill was filed for the purpose of annulling the marriage between himself and the defendant consumated in the State of Pennsylvania, because they being related by blood as nephew and aunt went to the latter state to evade the laws of this State, with the intention of returning here to reside. The defendant demurred to the bill, and filed her answer, admitting the marriage and relationship, but denied they went to Pennsylvania for the purpose of evading the laws of this State, and returning here to live. She also admitted that they had lived together for eighteen years, had a son ten years old, and had recently mutually agreed to separate. She denied, however, the right of plaintiff to have the marriage annulled. The plaintiff replied generally. On consideration, the court reached the above conclusion, that a court of equity ought not to entertain a litigant who vaunted his own iniquity, and made that his sole grounds of the decree asked from it. In England and many of the United States marriages between relations of the forbidden degrees are void. 19 Am. & En. En. Law, 1175. In this State by statutory enactment they are only voidable. Sections 1, 3 and 4, chapter 64, Code; 19 Am. & En. En. Law, (2 Ed.) 1210; *Stewart* v. *Vandervort,* 34 W. Va. 524.

They remain valid to some extent at least until annulled by a decree of court. If the parties could continue the marriage relationship without violating the criminal laws of the State, then the court might be justified in refusing to entertain the plaintiff's bill. But when the law forbids the continuance of their marriage relation, notwithstanding its inception may have been a misdemeanor, it is the duty of both parties to make restitution by having the marriage annulled promptly. Their hands may be unclean, but it is the duty of a court of equity

to permit them to clean them when it can do so, and not permit such uncleanness to continue as a stench in the nostrils of the people. 19 Am. & En. En. Law (2 Ed.) 1212: *Com.* v. *Lane,* 113 Mass. 458; 18 Am. Rep. 509; *State* v. *Brown,* 47 Ohio St. 102: 21 Am. St. Rep. 790; 16 Am. & En. En. Law (2 Ed.) 134. While the rule is that equity will not entertain persons with unclean hands, yet there are just exceptions thereto, and the statutes of this State on marriage and divorce have mercifully provided that those who unwittingly enter into marriage that leads to the continual violation of law, notwithstanding their original sin, may have such relation annulled, so that they may go and sin no more. Such transgressors should get from before the public gaze as quickly as possible. The decree is therefore reversed, and the cause is remanded to the circuit court, with directions to enter a decree annulling the marriage heretofore entered into between the parties, and also determining to whom the custody of the child should be given, and to further proceed therein according to the rules and principles governing courts of equity.

*Reversed.*