BASICKAS, APPELLEE, *v.* BASICKAS, APPELLANT.

(No. 4341—Decided January 28, 1953.)

*Messrs. Roby & Arenson,* for appellee.
*Messrs. Carson & Roderick* and *Mr. Bernard 1. Rosen,* for appellant.

HUNSICKER, P. J. This is an appeal on questions of law.

Evelyn Basickas, the plaintiff below, appellee here, is the niece of Yirsa Basickas, the defendant below, appellant here. Evelyn and Yirsa, with knowledge that they sustained the relation to each other of niece

and uncle, obtained a marriage license in Meigs County, Ohio, and immediately had their marriage solemnized by a justice of peace. The parties signed the application for the marriage license and therein stated that "Said parties are not nearer of kin than second cousins, and there is no legal impediment to their marriage." Evelyn and Yirsa thereafter lived together as husband and wife in Havana, Cuba. Evelyn left Yirsa and returned to the home of her mother in Akron, Ohio, where she established her residence. On June 6, 1951, Evelyn filed an action for divorce against Yirsa, on the ground "that said marriage was fraudulently contracted."

The appellant, Yirsa, filed an answer to the petition and stated that: he, as a national of the Republic of Cuba, was not familiar with the English language; "all statements, representations and ceremonial requirements furnished incident to the obtaining of said marriage license were translated to, for and on behalf of him by the said plaintiff"; the statements were made as the "result of the plaintiff's sole, independent and unilateral translation, representation and failure to truthfully state the same, all of which constitutes individual fraud of the plaintiff motivated by her own design and intent without the defendant's knowledge"; and that plaintiff was not a resident of Summit County, Ohio.

The judgment of the trial court found that: Evelyn, the appellee herein, was a resident of Summit County, Ohio; the parties "were married as set forth in the petition"; no children were born as the issue of such union; the parties are niece and uncle by consanguinity; "that said marriage was illegal, *ab initio*, was contracted *in fraudem legis*, and that, by reason thereof, the plaintiff is entitled to a divorce as prayed for in the petition herein on the ground of fraudulent con-

tract.'' The trial court thereupon dissolved the marriage and restored the plaintiff to her maiden name.

It is from the judgment of divorce and dissolution of the marriage that the appellant, Yirsa Basickas, appeals to this court, saying that the trial court erred as a matter of law in awarding a judgment of divorce to Evelyn Basickas on the ground of fraudulent contract.

The question dispositive of the case before us is: Can one, who has entered into a marriage contract with full knowledge of a consanguineous relationship within a degree which is prohibited by the law of Ohio, obtain a divorce on the statutory ground of fraudulent contract, where such one, in the application for the marriage license, has, under oath, stated that the parties to the marriage are not nearer of kin than second cousins?

Divorce is a creature of statute. Section 11979, General Code, which was in effect at the time the petition for divorce was filed in the Common Pleas Court, and the present statute (Section 8003-1, General Code, effective August 28, 1951), provide that the Court of Common Pleas may grant a divorce on the ground of fraudulent contract.

In the case before us, neither party made a fraudulent representation to the other, since both of the parties knew that they sustained the relationship to each other of niece and uncle. The license was obtained and a ceremonial marriage performed as a result of both parties making oath before a deputy of the Probate Court of Meigs County to statements that they knew were untrue.

The marriage herein is void *ab initio*. *Arado* v. *Arado*, 281 Ill., 123, 117 N. E., 816, 4 A. L. R., 28; *Osoinach, Admx.*, v. *Watkins*, 235 Ala., 564, 180 So., 577, at p. 579, 117 A. L. R., 179; *McIlvain* v. *Scheibley*, 109 Ky.,

455, 59 S. W., 498, at 500. See, also, 9 Cincinnati Law Review, 82.

Can such void marriage be judicially decreed to be dissolved on the ground that a fraudulent contract of marriage has been entered into? In the instant case it is not a fraud of a guilty party perpetrated on an innocent party, but rather it is the fraud of both parties upon the court that issued the license.

Divorces are not granted on the basis of public policy, but upon satisfactory proof of one or more of the grounds set out in the statutes. If by the term "fraudulent contract" there is meant any fraud whereby the contract of marriage was entered into, then a ground for relief is established in this action. If, however, the term "fraudulent contract" means that, by false representations, a party has caused an innocent party to enter into the marriage relationship, then the instant case fails to show a ground for relief.

The Supreme Court of Ohio in the case of *Eggleston* v. *Eggleston,* 156 Ohio St., 422, at p. 428, 103 N. E. (2d), 395, said:

"It is to be observed that 'fraudulent contract' is another ground specified as a ground for divorce, and that also goes to the validity of the marriage."

And at page 429, the court said:

"Causes dealing with situations not covered by the statute clearly come within the jurisdiction of a court of equity."

If the term "fraudulent contract" is to be construed as covering all phases of fraud which go to the validity of the purported marriage, then the remedy for a situation as is shown to exist in the instant case is an action for divorce based on such ground in the statute.

Cases wherein fraud is charged have been before the courts many times, and, although it is difficult to phrase a definition to fit all cases, it usually implies a

deception practiced whereby an unnatural state of the will is brought about, and hence goes to the question of mutual consent so essential to every contract, including the contract of marriage.

The consent in a marriage contract is primarily that of the two parties to the contract—the prospective husband and the prospective wife. There is, however, a third party to all contracts of marriage—the state; for it is the state that by law provides the conditions and the limitations of the marriage.

The fraud practiced in the instant case goes to the very essence of the contract—a strict injunction that such consanguineous union is not permitted by the law of this state. (Section 11181, General Code, now Section 8001-1, General Code.) The relationship engaged in by the parties in the instant case is the crime of incest, as defined by the law of Ohio (Section 13023, General Code, and *State* v. *Brown,* 47 Ohio St., 102, 23 N. E., 747, 21 Am. St. Rep., 790).

In *Martin* v. *Martin,* 54 W. Va., 301, 46 S. E., 120, and in *Arado* v. *Arado, supra,* the courts held that the general rule that equity will not entertain the complaint of one who comes into the court with unclean hands does not apply where one seeks to declare a marriage within the prohibited degrees of kinship an illegal marriage.

Coming now to the principal question before this court, we have searched the Ohio digests for a case with a similar factual situation, and are unable to discover that the precise question herein has been passed upon by the courts of this state. There are cases involving the question of fraudulent contract, but in all instances they are confined to the question that arises where one has been guilty of perpetrating a fraud upon another, and where, as a result of such fraud, the marriage has been contracted.

Blackstone, in his "Commentaries," Vol. 3, Chapter 7, page 94 (3 Blackstone [Hammond Edition] 124), in speaking of divorce, says:

"But if the cause existed previous to the marriage, and was such a one as rendered the marriage unlawful *ab initio,* as *consanguinity,* corporeal imbecility, or the like; in this case the law looks upon the marriage to have been always null and void, being contracted *in fraudem legis,* and decrees not only separation from bed and board, but *a vinculo matrimonii* itself." (Emphasis ours.)

The statutes of some states provide for divorce on the ground of fraudulent contract. Among them are Connecticut, Kansas, Ohio and Oklahoma. Many other states provide for divorce on the ground of fraud and duress.

In the cases we have examined, only a few discuss fraudulent contract, and in nearly all such cases an injured and innocent party sought relief from the marriage which resulted from the fraud of the other party.

The subject of fraudulent contract has come before the courts of Connecticut several times, the earliest case called to our attention being *Benton* v. *Benton* (1803), 1 Day (Conn.), 111, wherein the court at p. 114 said:

"The phrase *fraudulent contract,* as applied to the subject of marriage and divorce, in the books, has obtained an appropriate and technical meaning; and is taken to imply a cause of divorce which existed previous to the marriage, and such a one as rendered the marriage unlawful *ab initio,* as consanguinity, corporeal imbecility, or the like; in which case, the law looks upon the marriage as null and void, being contracted *in fraudem legis,* and decrees a separation *a vinculo matrimonii.*"

And at p. 116, the court said:

"A marriage void *ab initio*, is a marriage contracted *in fraudem legis*, and cannot be made valid, by the volition of either, or both, of the parties."

In the case of *Gould* v. *Gould*, 78 Conn., 242, 61 A., 604, 2 L. R. A. (N. S.), 531, the court extended the scope of the *Benton* v. *Benton case, supra*, saying at p. 250:

"The fraud which makes the contract of marriage fraudulent, as that word is used in the statute of divorce, is a fraud in law and upon the law."

A later Connecticut case, *Lyman* v. *Lyman*, 90 Conn., 399, 97 A., 312, L. R. A. 1916E, 643, adopted the limit which the former case of *Gould* v. *Gould, supra,* announced, and said that a fraud by one party in the essentials of the marriage relation is such "fraudulent contract" as entitled the deceived spouse to a divorce.

The instant case, it should be again noted, does not raise the question of the act of but one guilty party, for, in the case before us, both parties were guilty of conduct that is reprehensible. One of such guilty parties is asking for the relief which she claims the statute gives her. In the case of *Eggleston* v. *Eggleston, supra,* the statutory remedy of divorce was deemed to be the exclusive method to relieve the situation therein set out. We here view the present problem in much the same way—that is, the statute has provided the manner to judicially declare null a marriage that was, as a result of fraud, void from its inception. The contract of marriage was a fraud upon the law—it could never have been made valid by any act of the parties. In such a situation, the remedy of divorce on the ground of fraudulent contract is proper.

We therefore hold that, where one has entered into a marriage contract within the degree prohibited by the law of Ohio, either party to such marriage may obtain a divorce on the statutory ground of fraudulent

contract, since such marriage is void *ab initio*, and the relief provided for by the statute includes a fraud perpetrated on the law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Doyle and Stevens, JJ., concur.