DAGOSTINO, Appellant,

v.

DAGOSTINO, Appellee.

[Cite as *Dagostino v. Dagostino*, 165 Ohio App.3d 365, 2006-Ohio-723.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 05CA5.

Decided Feb. 10, 2006.

Adam J. Baker, for appellant.

Maria A. Dagostino, pro se.[1]

---

**1.** Ms. Dagostino did not file an appellate brief.  Under App.R. 18(C), we are authorized to accept Mr. Dagostino's statement of the facts and issues as correct and reverse the trial court's

McFARLAND, Judge.

■ {¶ 1} Marty Dagostino appeals the trial court's judgment granting him a divorce from Maria A. Dagostino based on incompatibility and living separate and apart for more than one year. He asserts that the court should have granted him a divorce based on fraudulent contract under R.C. 3105.01(E). Because Mr. Dagostino did not present any evidence regarding fraudulent contract at the divorce hearing and did not request the court to grant him a divorce based on fraudulent contract until after the hearing and after the magistrate issued her recommendation, his argument is without merit. The trial court did not abuse its discretion by declining to award Mr. Dagostino a divorce based on fraudulent contract. Accordingly, we affirm the trial court's judgment.

{¶ 2} In April 2002, Mr. Dagostino married Ms. Dagostino in her native Colombia. In October 2002, they began living together as husband and wife in Athens, Ohio. In December 2002, Ms. Dagostino left the marital residence and never returned.

{¶ 3} On September 7, 2004, Mr. Dagostino filed a complaint for divorce based on gross neglect of marital duty, incompatibility, and abandonment.

{¶ 4} At the November 29, 2004 divorce hearing, the court asked Mr. Dagostino whether he would be "satisfied if the court granted [him] a divorce on the ground of having lived separate and apart without interruption for more than one year and incompatibility." Mr. Dagostino stated that he would accept that. The magistrate further asked, "Is there anything I haven't addressed that you think the court should address?" Mr. Dagostino said no.

{¶ 5} On December 6, 2004, the magistrate issued a proposed decision. The magistrate found that the parties were entitled to a divorce based on incompatibility and living separate and apart for more than one year.

{¶ 6} On December 20, 2004, Mr. Dagostino filed objections to the magistrate's decision. He asserted that the decision failed to address Ms. Dagostino's fraudulent marriage contract. He requested the court to allow him to amend his complaint to add allegations of Ms. Dagostino's fraudulent marriage contract as a ground for divorce. He attached various exhibits in support of his objections.

---

judgment as long as his brief reasonably appears to sustain such action. See *State v. Miller* (1996), 110 Ohio App.3d 159, 161–162, 673 N.E.2d 934. An appellate court may reverse a judgment based solely on a consideration of an appellant's brief. See *Helmeci v. Ohio Bur. of Motor Vehicles* (1991), 75 Ohio App.3d 172, 174, 598 N.E.2d 1294; *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 96, 28 OBR 136, 502 N.E.2d 255; *State v. Grimes* (1984), 17 Ohio App.3d 71, 71–72, 17 OBR 126, 477 N.E.2d 1219. However, we do not believe that Mr. Dagostino's brief in the case at bar reasonably supports a reversal of the trial court's judgment.

{¶ 7} On January 4, 2005, the trial court overruled Mr. Dagostino's objections and adopted the magistrate's decision granting the parties a divorce based on incompatibility and having lived separate and apart for more than one year.

{¶ 8} Mr. Dagostino timely appealed the court's judgment and raises the following assignments of error:

{¶ 9} "The trial court abused its discretion by not considering appellant's competent and credible evidence that showed appellee's fraud and misrepresentation which misled and induced appellant to enter into a marriage contract with appellee.

{¶ 10} "The trial court abused its discretion by granting appellant's divorce based upon less than competent and credible evidence that the parties had been separated for more than one year and incompatibility when appellant had competent and credible evidence showing that he entered into the marriage contract under appellee's fraud and misrepresentations."

{¶ 11} Because Mr. Dagostino's two assignments of error both address the trial court's decision denying his request to grant him a divorce based on fraudulent contract, we address them together.[2] In his first assignment of error, Mr. Dagostino asserts that the trial court abused its discretion by failing to consider evidence showing that Ms. Dagostino's fraud and misrepresentation misled him and induced him to marry her. In his second assignment of error, Mr. Dagostino contends that the trial court erred by granting the parties a divorce based on incompatibility and evidence that the parties had been separated for more than one year, when he possessed evidence showing that the marriage was based upon Ms. Dagostino's fraud and misrepresentation. He essentially claims that Ms. Dagostino used the marriage as a means to gain permanent residency status in the United States and had no intention of upholding her marriage vows.

{¶ 12} An appellate court will not reverse a trial court's domestic-relations judgment absent an abuse of discretion. See, e.g., *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion constitutes more than an error of law or judgment; rather, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 13} We first disagree with Mr. Dagostino that the trial court abused its discretion by not considering the evidence he submitted with his objections to the

---

2. Mr. Dagostino has attached various exhibits to his appellate brief. We have considered only those that are part of the trial court record. App.R. 9(A) limits our consideration to the "original papers and exhibits thereto filed in the trial court."

magistrate's decision. Under Civ.R. 53(E)(4)(b), a trial court may refuse to consider additional evidence proffered upon an objection to a magistrate's decision. See *Knox v. Knox*, Gallia App. No. 03CA13, 2004-Ohio-428, 2004 WL 193860. Civ.R. 53(E)(4)(b) states that a trial court "may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." Thus, nothing required the trial court to consider the evidence that Mr. Dagostino proffered along with his objections to the magistrate's decision.

{¶ 14} The record shows that Mr. Dagostino had ample opportunity to present evidence at the November 2004 divorce hearing but did not present this additional evidence at that hearing. Furthermore, he has not argued that something prevented him from presenting this evidence at the November 2004 hearing. Therefore, the trial court did not abuse its discretion by declining to consider the additional evidence.

{¶ 15} Next, we disagree with Mr. Dagostino that the trial court erred by granting a divorce based on incompatibility and having lived separate and apart for more than one-year, instead of granting the divorce based upon fraudulent contract.[3]

{¶ 16} R.C. 3105.01 sets forth the grounds upon which a trial court may grant a divorce:

{¶ 17} The court of common pleas may grant divorces for the following causes:

(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought;

---

3. {¶ a} "Fraudulent contract relates to the validity of the marriage. The fraud can relate to the personal disclosures as to essential elements between the individuals making the marriage contract, or it can relate to one or both of the parties entering the marital relationship when there is an impediment resulting in a fraud upon the court.

{¶ b} "A party will be granted a divorce if he or she was induced into marriage as a result of a fraudulent representation that affects the essential elements of the marriage. The most common example would be the misrepresentation of pregnancy by a party. If the husband married the wife knowing she was pregnant and believing that the child was his based on her statements, but the child was not his, then a divorce on the ground of fraudulent contract would be possible. The concealment of pregnancy by another man is fraud that would entitle a husband to a divorce. Fraudulent contract is also grounds for annulment.

{¶ c} "A marriage which is prohibited by law is a fraudulent contract. In *Basickas v. Basickas*, [(1953), 93 Ohio App. 531, 51 O.O. 229, 114 N.E.2d 270] an uncle and niece married after stating under oath that they were no nearer than second cousins. A marriage between parties so closely related is prohibited; therefore, the marriage was void ab initio. The court held that even though both parties knew they were perpetrating a fraud, the divorce would be granted for fraudulent contract." Sowald & Morganstern, Ohio Domestic Relations Law (2005), Section 11:13.

(B) Willful absence of the adverse party for one year;

(C) Adultery;

(D) Extreme cruelty;

(E) Fraudulent contract;

(F) Any gross neglect of duty;

(G) Habitual drunkenness;

(H) Imprisonment of the adverse party in a state or federal correctional institution at the time of filing the complaint;

(I) Procurement of a divorce outside this state, by a husband or wife, by virtue of which the party who procured it is released from the obligations of the marriage, while those obligations remain binding upon the other party;

(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation;

(K) Incompatibility, unless denied by either party.

{¶ 18} A trial court has broad discretion to determine the proper grounds for divorce, and we will not reverse its finding absent an abuse of discretion. See *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950; see, also, *Lehman v. Lehman* (1991), 72 Ohio App.3d 68, 70–71, 593 N.E.2d 447.

{¶ 19} In the case at bar, the trial court agreed with the magistrate that the proper grounds for divorce were incompatibility and living separate and apart for more than one year. The record fully supports the trial court's decision regarding the grounds for divorce, and, therefore, it did not abuse its discretion. Mr. Dagostino himself admitted that the parties had not lived together as husband and wife since December 2002. He further agreed with the magistrate when she suggested that she grant the divorce on grounds of incompatibility and living separate and apart for more than one year. Because he agreed to a divorce on those grounds, Mr. Dagostino is not in a position to argue that the court's decision to grant a divorce on those grounds constitutes an abuse of discretion.

{¶ 20} Accordingly, based upon the foregoing reasons, we overrule Mr. Dagostino's two assignments of error and affirm the trial court's judgment.

Judgment affirmed.

ABELE and KLINE, JJ., concur.