DECISION AND JUDGMENT
{¶ 1} This appeal is from the July 6, 2007 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied appellant, James Syslo, a hearing on his objections to the magistrate's decision and denied appellant's objections finding that the magistrate's decision was supported by the evidence. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} 1. "The court erred in determining that appellant's spousal and child support (past amount due) were not paid in full."
 {¶ 3} 2. "The court erred in not granting a hearing to appellant on his objections from the order of the magistrate."
 {¶ 4} 3. "The court erred in holding appellant in contempt of court when C.S.E.A. refused to provide the name and address of appellant's employer."
 {¶ 5} The parties on appeal were divorced in April 2001. In the April 9, 2001 judgment of divorce, appellant was ordered to pay spousal support of $1,000 per month for five years starting on the date of trial, June 4, 1998. At that time, appellant was already in arrears on temporary child support and spousal support payments. The court granted appellee several lump sum judgments for the sums owed by appellant, including a $12,378.30 judgment for the child support and spousal support arrearages.
 {¶ 6} Appellant sought an appeal from the judgment of divorce challenging nearly every aspect of the judgment, including the trial court's award of spousal support. However, appellant did not challenge the issue of the arrearage amount. Upon consideration of the issue, this court found in its September 30, 2002 judgment that appellant had failed to demonstrate that the trial court erred in granting the spousal support award.
 {¶ 7} While the appeal was pending, appellant began his quest to have the spousal support order modified by the trial court. He filed motions on August 7, 2001 (modify and reduce child support and spousal support), June 25, 2004 (Civ. R. 60(B) to *Page 3 
modify the judgment of divorce on the basis that the spousal support arrearage finding was excessive because spousal support had ceased), October 28, 2004 (motion to credit appellant with all spousal support payments made since August 2002 and reflect an overpayment), March 29, 2005 (motion to credit appellant with all spousal support payments made since August 2002 and reflect an overpayment and that spousal support began April 3, 1996), and August 7, 2006 (a re-filing of his March 29, 2005 motion).
 {¶ 8} Likewise, in September 2001, appellee began to file her motions seeking the aid of the court to satisfy all of the judgments granted in her favor. After years of non-payment of the distributive awards originally ordered in 2001, the court issued a consent judgment entry on February 28, 2006, granting appellee a lump sum judgment of $68,000 and granting her attorney a lump sum judgment of $7,000. On June 26, 2006, appellee, Cheryl L. Syslo, moved to have appellant show cause why he should not be held in contempt for failure to satisfy these judgments.
 {¶ 9} These motions were heard at a hearing held on November 15, 2006. After discussion of the issue of releasing the identity of appellant's employer so that appellee could seek income withholding to satisfy her judgment, evidence was submitted regarding appellant's spousal support arrearages. Appellant failed to attend the hearing. However, his attorney submitted the arrearage statements of the Lucas County Child Support Enforcement Agency. These records reflect that appellant had an arrearage of $21,564.79 as of December 31, 2005. Appellant's counsel attempted to submit appellant's own personal calculations and copies of checks to contradict the agency *Page 4 
records. The magistrate refused to admit such evidence since appellant was not present to identify the records pursuant to Evid. R. 901(A) and they were not self-authenticating. Appellant did not proffer the evidence. Appellant later filed additional documentation on December 18, 2006 and on January 17, 2007, which he argued supported his case.
 {¶ 10} On February 23, 2007, the magistrate issued a decision. Although the magistrate found that the court would not direct the agency to assist appellee in her collection of the lump sum judgment, the magistrate found appellant in contempt for failure to satisfy the judgment. Therefore, the magistrate sentenced appellant to 30 days confinement unless he purged himself of the contempt by paying appellee $75,850, the sum of the lump sum judgments plus the fees and costs incurred to attempt to collect the judgments. The magistrate found appellant's motion to correct the records not well-taken. In an order of the same date, the judge reviewed the findings of fact and decision of the magistrate and adopted the decision of the magistrate.
 {¶ 11} On March 7, 2007, appellant filed timely objections to the magistrate's decision and requested a hearing. Appellant argued that the findings regarding the arrearages were contrary to the evidence; the magistrate did not consider appellant's statements; and the agency records are erroneous. Appellant indicated that other objections would be addressed after receipt of the transcript.
 {¶ 12} On July 6, 2007, the trial court considered appellant's objections and rejected them. The court found that there was evidence to support the court's order and that appellant's documentation was properly excluded from the hearing because the *Page 5 
agency records were the best evidence of any arrearage. The court also found that it was unnecessary to hold a hearing on the objections. Appellant then sought an appeal to this court.
 {¶ 13} In his first assignment of error, appellant argues that the trial court erred when it found that he had not paid his entire child support and spousal support obligations in full. He argues that the trial court erred by failing to admit into evidence his documentation regarding his child support and alimony payments.
 {¶ 14} Since the child support issue was not raised below, appellant has waived any right to raise this issue on appeal. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 21-31. Furthermore, regarding his spousal support obligation, appellant declined to proffer any evidence contrary to the agency's arrearage statement. Therefore, we must find that the evidence before the court supported the findings of the trial court. Evid. R. 103(A)(2) and State v. Chapin (1981), 67 Ohio St.2d 437,444. Appellant's first assignment of error is not well-taken.
 {¶ 15} In his second assignment of error, appellant argues that the trial court erred by ruling on his objections to the magistrate's report without first holding a hearing to consider additional evidence. The trial court has the discretion to hold a hearing before adopting or rejecting a magistrate's report. Civ. R. 53(D)(4)(b) and Dagostino v.Dagostino, 165 Ohio App.3d 365, 2006-Ohio-723, ¶ 13. Appellant has failed to demonstrate that the trial court abused its discretion when it refused to consider this *Page 6 
evidence since there is no explanation as to why it was not admitted to the magistrate. Appellant's second assignment of error is found not well-taken.
 {¶ 16} In his third assignment of error, appellant argues that the trial court erred by finding him in contempt because the agency did not reveal appellant's employer. This assignment of error is nonsensical because appellant was found in contempt solely for failing to pay the prior lump sum judgments entered against him. Therefore, we find this assignment of error not well-taken.
 {¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
 *Page 1