The STATE of Ohio, Appellee,

v.

RAY, Appellant.

[Cite as *State v. Ray,* 181 Ohio App.3d 590, 2009-Ohio-1395.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 2008CAA080053.

Decided March 26, 2009.

</div>

David A. Yost, Delaware County Prosecuting Attorney, and Marianne T. Hemmeter, Assistant Prosecuting Attorney, for appellee.

Scott A. Wolff, for appellant.

---

GWIN, Presiding Judge.

{¶ 1} Defendant-appellant, Kimberly Ray, appeals the judgment of the Delaware County Court of Common Pleas determining that she was ineligible for intervention in lieu of conviction. The plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On August 6, 2007, Keli Breckenridge contacted the police to report that someone had used her deceased sister's personal information in an attempt to acquire a credit card. Breckenridge's sister, Tami Fichtner, had passed away on December 25, 2006. On August 6, 2007, one of Breckenridge's neighbors brought her a piece of mail that was addressed to Fichtner, but mistakenly delivered to the neighbor's home.

{¶ 3} The letter was from the First Bank of Delaware, informing "Ms. Fichtner" that she had been turned down in her application for an Imagine Card through the bank. Breckenridge notified the police that she suspected appellant.

{¶ 4} An investigation revealed that the credit application had been made over the internet on July 29, 2007. The application included an address, telephone number, and e-mail address that were later identified as those belonging to appellant.

{¶ 5} After some questioning, appellant admitted that she had submitted the application using a computer at the Delaware District Library and that she had obtained the information on the Delaware Common Pleas Court's Court View website.

{¶ 6} On October 26, 2007, appellant was indicted and charged with violating R.C. 2913.49(B)(1), Identity Fraud, a fifth-degree felony.

{¶ 7} On April 24, 2008, appellant filed a motion requesting intervention in lieu of conviction. A hearing was held on July 31, 2008. At the conclusion of the hearing, the trial court orally denied the motion for intervention in lieu of conviction. The court filed a judgment entry setting forth its reasons for the denial on August 25, 2008. In that entry, the court found that because the victim in the case was deceased, the victim was "permanently and totally disabled," and appellant was therefore ineligible for intervention in lieu of conviction.

{¶ 8} Appellant entered a no-contest plea, and the court made a finding of guilty. Appellant was sentenced to three years of community-control sanctions.

{¶ 9} Appellant timely appealed, raising the following as her sole assignment of error:

{¶ 10} "I. The trial court erred in its determination that the appellant was not eligible for intervention in lieu of conviction based on the 'permanent and total disability' of the victim."

I

{¶ 11} In her sole assignment of error, appellant argues that the trial court erred as a matter of law in finding that she was not eligible for intervention. Specifically, appellant argues that the trial court erred in finding that the victim, who was deceased at the time the crime was committed, was a "permanently and totally disabled person" so as to exclude appellant from eligibility for intervention.

{¶ 12} "Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather than punish the crime. *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674. If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. *State v. Wiley,* Franklin App. No. 03AP–362, 2003-Ohio-6835, 2003 WL 22966833, at ¶ 3. However, the trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law to be reviewed by this court de novo. See *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596." *State v. Fritz,* 10th Dist. No. 04AP–63, 2004-Ohio-6129, 2004 WL 2616688, ¶ 5. See also *State v. Casto,* 12th Dist. No. CA2008–08–

33, 2009-Ohio-791, 2009 WL 428009, ¶ 12; *State v. Stanovich*, 173 Ohio App.3d 304, 2007-Ohio-4234, 878 N.E.2d 641, ¶ 10.

{¶ 13} When an offender requests intervention, a trial court may elect to reject it outright without a hearing. R.C. 2951.041(A)(1). If the trial court elects to consider an offender's motion for intervention, it must conduct a hearing to determine the offender's eligibility and order an assessment of the offender to aid in doing so. R.C. 2951.041(A)(1). *State v. Stanovich* at ¶ 10.

{¶ 14} Pursuant to R.C. 2951.041(B), in determining whether an offender is eligible for intervention, the trial court must find all of the following:

{¶ 15} "(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention * * * under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under [R.C. 2929.13(B)(2)(b)] or with a misdemeanor.

{¶ 16} "(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of [R.C. 2903.06(A)(1) or (2), aggravated vehicular homicide], is not a violation of [R.C. 2903.08(A)(1), aggravated vehicular assault], is not a violation of [R.C. 4511.19(A), operating a vehicle under the influence of alcohol or drugs] or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.

{¶ 17} "(3) The offender is not charged with a violation of [R.C.] 2925.02, [corrupting another with drugs], [R.C.] 2925.03, [drug trafficking], [R.C.] 2925.04, [illegal manufacture of drugs or cultivation of marijuana], or [R.C.] 2925.06, [illegal administration or distribution of anabolic steroids,] and is not charged with a violation of [R.C. 2925.11, drug possession,] that is a felony of the first, second, or third degree.

{¶ 18} "(4) The offender is not charged with a violation of [R.C. 2925.11, drug possession], that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention * * * under this section.

{¶ 19} "(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to [R.C. 3793.11], a program certified by that department pursuant to [R.C. 3793.06], a public or private hospital, the United States department of veterans affairs, another appropriate agency of the govern-

ment of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

{¶ 20} "(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention * * * would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

{¶ 21} "(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

{¶ 22} "(8) If the offender is charged with a violation of [R.C. 2925.24], the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.

{¶ 23} "(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section."

{¶ 24} See R.C. 2951.041(B)(1) through (9).

{¶ 25} However, " 'even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for [intervention].' " *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 7, quoting *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113, ¶ 9; see also R.C. 2951.041(C) ("If the court finds that the offender is not eligible *or does not grant the offender's request,* the criminal proceedings against the offender shall proceed as if the offender's request for intervention * * * had not been made" (Emphasis added)). If the trial court grants intervention and the offender successfully completes it, the underlying criminal proceedings against the offender must be dismissed and the trial court may seal the records related to the offense. R.C. 2951.041(E).

{¶ 26} In the case at bar, the trial court found appellant ineligible for intervention under R.C. 2951.041(B)(7) because, in essence, the appellant had stolen the identity of a deceased person and used that person's identity to commit the crime. Because R.C. 2951.041(B)(7) makes a defendant ineligible for intervention if the victim of the crime was "permanently and totally disabled," the trial court denied appellant's motion for intervention.

{¶ 27} We note that we do not know the specific contents of the report provided to the trial court by Net Care of Columbus, Ohio, a licensed provider pursuant to R.C. 2951.041(B)(5), nor does this court have the benefit of the

presentence report prepared by the Adult Parole Authority. Appellant did not make those reports a part of the record. In *State v. Untied* (Mar. 5, 1998), Muskingum App. No. CT97–0018, 1998 WL 401768, we addressed the issue of failure to include the presentence investigation report and stated:

{¶ 28} "Appellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197 [15 O.O.3d 218], 400 N.E.2d 384. The presentence investigation report could have been submitted 'under seal' for our review. Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or 'contrary to law.'" Id. at *2–3. It is the duty of counsel to ensure that all documents and reports are made a part of the trial court's record and are actually transmitted to this court.

{¶ 29} We further note that appellant failed to provide this court with the transcript of the trial court's July 31, 2008 hearing on her motion for intervention. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Akro–Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249. In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384, the Supreme Court of Ohio held the following: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

{¶ 30} In the case sub judice, appellant did not meet her burden, under App.R. 9(B), of supplying this court with a transcript of the proceedings. If such a transcript were unavailable, other options were available to appellant in order to supply this court with a transcript for purposes of review. Specifically, under App.R. 9(C), appellant could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also,

under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates that appellant did not attempt to avail himself of either App.R. 9(C) or (D).

{¶ 31} The only issue raised in this appeal is whether a deceased person is a permanently and totally disabled person within the meaning of R.C. 2951.041(B)(7).

{¶ 32} " ' "The primary purpose of the judiciary in the interpretation or construction of a statute is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well-settled rules of construction or interpretation." ' *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 20, 45 O.O.2d 262, 242 N.E.2d 342, quoting *State ex rel. Shaker Hts. Pub. Library v. Main* (1948), 83 Ohio App. 415, 38 O.O. 464, 80 N.E.2d 261[, paragraph one of the syllabus]. It is a cardinal rule that a court must first look to the language itself to determine the legislative intent. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 304 N.E.2d 378. If that inquiry reveals that the statute conveys a meaning that is clear, unequivocal, and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly. Id. at 105–106, 65 O.O.2d 296, 304 N.E.2d 378. In determining legislative intent, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. *Columbus–Suburban Coach Lines v. Public Utilities Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8. R.C. 1.42 states: '1.42 Common and technical usage. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.' " *State v. Chandler*, 157 Ohio App.3d 672, 2004-Ohio-3436, 813 N.E.2d 65, ¶ 61, affirmed 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, ¶ 8.

{¶ 33} It is apparent from the context that the legislature has decided that those persons who commit crimes against the elderly, the weak, or those who have little or no ability to defend or protect themselves shall be more severely punished. Taken in this context, we can see a certain logic to the trial court's interpretation of R.C. 2951.041(B)(7). Various courts in construing identity-theft statutes have interpreted those statutes to encompass both the living and the dead, for good reason.

{¶ 34} "A false identity built on the bedrock foundation of real means of identification—that is to say, actual Social Security numbers, real names and dates of birth—provides better cover for the wrongdoer than would one based on wholly fabricated identities, regardless of whether the person whose means of

identification is used is alive. From a deterrence perspective, a stiffer penalty is logically called for when the risk of detection decreases." *United States v. Jimenez* (C.A.1, 2007), 507 F.3d 13, 20. See also *United States v. Kowal* (C.A.8, 2008), 527 F.3d 741, 747. As the court in *Jimenez* further noted, "[a] false identity created from the means of identification of the deceased may even be *superior* to one stolen from the living. The dead, after all, will not create conflicting paper trails or notice strange activity on their credit reports. This is certainly the opinion of the section of the 'Anarchist Cookbook 2000' entitled 'How to Create a New Identity,' which was seized from Jimenez and introduced at trial." *Jimenez,* 507 F.3d 13, fn. 8. Finally, in *Commonwealth Life Ins. Co. v. Francis* (1939), 278 Ky. 343, 128 S.W.2d 742, the insured had a policy with a waiver clause that provided for waiver of premiums "upon receipt of due proof that the insured has become totally and permanently disabled and that such disability has already continued uninterruptedly for a period of at least four months." The insured became ill on September 9, 1936, and died on October 8, 1936. In holding that the waiver of premium provision was operative, the court noted, "Death is the most total and permanent of all disabilities preventing the insured from engaging in any business or occupation." Id. at 346, 128 S.W.2d 742; *Simpson v. Jefferson Std. Life Ins. Co.* (1972), 465 F.2d 1320, 1325–1326.

{¶ 35} In accordance with the foregoing, we find that the trial court correctly found that appellant did not satisfy the eligibility requirement for intervention found in R.C. 2951.041(B)(7).

{¶ 36} Accordingly, appellant's sole assignment of error is denied.

{¶ 37} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.

<div align="right">Judgment affirmed.</div>

WISE and DELANEY, JJ., concur.