[Cite as *State v. Edwards*, 2016-Ohio-830.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-CA-11 |
| | : | |
| KATHRYN EDWARDS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Mount Vernon
Municipal Court, Case No. 15CRB99 A,
B, C



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      March 2, 2016




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

P. ROBERT BROEREN, JR.                  ROBERT GOLDBERGER
MT. VERNON LAW DIR.                     10 West Newlon Place
5 North Gay St., Suite 222              Mansfield, OH 44902
Mount Vernon, OH 43050

*Delaney, J.*

{¶1}   Appellant Kathryn Edwards appeals from the May 8, 2015 Sentencing Entry of the Mount Vernon Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from the appellate record which includes the trial court file and a transcript of the April 7, 2015 final pretrial.

{¶3}   On February 10, 2015, appellant was charged by criminal complaint in the Mount Vernon Municipal Court with three counts of violations of R.C. 955.22(C), failure to confine a dog.  Each count represents one of three different brindle boxers owned by appellant and each count is described in the affidavit as "an unclassified misdemeanor due to a prior conviction in case no. 12-CRB-284."

{¶4}   Appellant entered pleas of not guilty and filed, e.g., a motion to dismiss on the basis of a speedy-trial violation.  Appellee filed a response in opposition which states the following factual background:

> [Appellant] is charged in this case with three counts of failing
> to confine her boxers.  These charges originate from allegations that
> [appellant] permitted her dogs to run loose on March 15, 2014.
> Consequently, a young boy was attacked by the boxers and suffered
> significant injuries.
>
> [Appellant] was previously convicted of Failing to Confine a
> Dog in 94-CRB-00030, 94-CRB-00614, 10-CRB-00689 and 12-CRB-
> 00284.  Failing to Confine a Dog is an offense enhanced by prior
> convictions.  As such, [appellant] currently faces a fine of up to two

hundred and fifty dollars and a potential jail sentence of up to thirty days.

* * * *.

{¶5} On March 26, 2015, appellee filed a response to appellant's discovery request containing a report of the dog warden of the Knox County Animal Control and Shelter stating in pertinent part:

Regarding Dog Bite on 03/15/14

On 03/15/14, I met with Teena Lang at the Knox County Hospital. There I also spoke with [T.M.] [T.M.] had been attacked by three Boxers that were confiscated by Deputy Warden Jim St. Clair. The dogs were transported to our shelter and were to be housed for the quarantine period as required by the health department.

[T.M's] injuries were extensive and severe. He had multiple lacerations and punctures from the animal bites over most of his body. Photographs were taken of [T.M's] injuries. One wound was unable to be stitched closed and requires a wound vacuum. The total amount of stitches was 24.

Teresa Gable came into the shelter and identified herself as the caretaker of the dogs. She identified the owner of the dogs as [appellant].

On 03/26/14, a citation was given to [appellant] (one for each dog). [Appellant] redeemed the dogs from the animal shelter and

paid all fees associated with their care. The dogs were also labeled as vicious due to the severity of the wounds sustained by [T.M.]. Paperwork regarding the requirements for keeping a vicious dog were also given to [appellant].

* * * *.

{¶6} Appellant filed a motion in limine on March 17, 2015 moving the trial court to prohibit appellee from making reference to or introducing evidence of appellant's prior convictions for failure to confine and to exclude all evidence of present and past dog bites. Appellee responded with a motion in opposition. The trial court overruled appellant's motion in part and sustained it in part, permitting appellee to introduce evidence of circumstances underlying appellant's prior convictions in 2012 and 2010 but not earlier incidents. The trial court sustained appellant's motion regarding all evidence of dog bites.

{¶7} On April 9, 2015, appellant changed her pleas to no contest and was found guilty as charged. The trial court continued the matter for sentencing and ordered preparation of a pre-sentence investigation (P.S.I.).

{¶8} On May 8, 2015, appellant appeared for sentencing. On the first count, appellant was sentenced to a fine of $250 plus court costs, 30 days in jail with all 30 suspended on various probation conditions. On the second and third counts, the trial court imposed a fine of $250 plus court costs.

{¶9} The trial court's Sentencing Entry of May 8, 2015 explicitly details the conditions of appellant's probation and also contains the following terms relevant to this appeal:

* * * *.

7) Concerning the confinement of [appellant's] dogs, as to this and all other Counts, [appellant] shall:

* * * *.

Install fencing surrounding the property at least seven feet in height.

Install fencing made of wood, strong chin link (9 gauge or heavier), or other strong fencing that dogs cannot chew through. Install a fence around the inside perimeter of the fencing filled with concrete at least one inch thick and six inches wide, or a install (*sic*) a "dig wire" (i.e. additional fencing laid at the base of the fence, installed perpendicular to the fence, that is at least 24 inches wide and fastened to the upright fence with hog rings—the "dig wire" should be buried under the surface of the ground.)

Install landscaping staples at the bottom of the fence, secured to the ground to discourage the dogs from "pushing under" the fence.

Install fencing that will discourage the dogs from climbing over the fence (e.g., either a "lean-in" fence along the top, or a fence with "coyote rollers").

Install self-closing and self-locking entry gates or "double entry" gates.


* * * *.

{¶10} The trial court also scheduled the matter for a future probation review hearing to assess the status of appellant's compliance with the fencing requirements.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION IN THE FENCING CONDITIONS IT IMPOSED ON THE APPELLANT AS PART OF THE COMMUNITY CONTROL SUPERVISION."

**ANALYSIS**

{¶13} Appellant argues the trial court exceeded its authority in imposing the fencing requirements as a condition of her probation.  We disagree because the portions of the record necessary for us to review this assignment of error are not before us.

{¶14} In her brief, appellant repeatedly cites to statements made at the sentencing hearing of May 8, 2015, including a victim impact statement.  During sentencing, the trial court apparently referenced photographs documenting steps appellant had already taken to secure the dogs; these photos were made part of the P.S.I.  On appeal, appellant argues the fencing conditions were imposed in response to the victim impact statement; the conditions are excessive beyond steps appellant has already taken to confine the dogs; and appellant was out of the country when the dogs escaped.  None of these facts are supported by the appellate record before us which contains neither a transcript of the relevant sentencing hearing nor the P.S.I.

{¶15} Appellate review contemplates that the entire record be presented. App.R. 9.  When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards*

*Laboratories*, 61 Ohio St.2d 197, 200, 400 N.E.2d 384 (1980). It is the duty of counsel to ensure that all documents and reports are made a part of the trial court's record and are actually transmitted to this court. *State v. Ray*, 181 Ohio App.3d 590, 2009-Ohio-1395, 910 N.E.2d 34, ¶ 28 (5th Dist.).

{¶16} It is evident the trial court's detailed fencing requirements arose from material contained in the P.S.I. and the sentencing hearing; as noted supra, appellant cites to the hearing in her brief. We cannot speculate as to what this material was. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Ray*, supra, 2009-Ohio-1395 at ¶ 29, citing *Akro–Plastics v. Drake Industries*, 115 Ohio App.3d 221, 226, 685 N.E.2d 246 (11th Dist. 1996).

{¶17} We note on June 18, 2015, appellee filed a motion to supplement the appellate record with the transcript of the final pretrial conducted on April 7, 2015. We granted the motion and the record includes the transcript of the April 7 final pretrial, but that transcript is not relevant to appellant's arguments here. In *Knapp*, supra*,* 61 Ohio St.2d at 199, the Supreme Court of Ohio held "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."

{¶18} In the case sub judice, appellant did not meet her burden under App.R. 9(B) of supplying this court with a transcript of the proceedings. *Ray*, supra, 2009-Ohio-1395 at ¶ 30. We are thus required to presume the validity of the lower court's proceeding and appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶19} Appellant's sole assignment of error is overruled and the judgment of the Mount Vernon Municipal Court is affirmed.

By:  Delaney, J. and

Wise, P.J.

Baldwin, J., concur.