[Cite as *State v. Brown*, 2017-Ohio-8997.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17CA55 |
| DAVID MICHAEL BROWN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2017CR0269


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 11, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               DAVID M. WATSON
Richland County Prosecuting Attorney      3 North Main Street, Suite 702
38 South Park Street                      Mansfield, OH 44902
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Appellant David Michael Brown appeals the May 16, 2017 sentencing entry of the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On May 9, 2017, Brown pled guilty to one count of Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), which was filed by information. Brown and the state agreed to a nine-month prison sentence, consecutive to his postrelease control (PRC) time.

{¶3} The trial court sentenced Brown to nine months prison consecutive the imposition of 487 days post release control time.

*Assignment of Error*

{¶4} Brown raises one assignment of error,

{¶5} "I. THE TRIAL COURT ERRED BY IMPOSING 487 DAYS OF POST RELEASE CONTROL TIME."

*Law and Analysis*

{¶6} Brown claims that the trial court in Richland County Court of Common Pleas, Case No. 2002 CR 497 and 2002 CR 573 failed to properly notify Brown that as a part of his sentence he would be subject to a mandatory five years of post-release control upon release from prison. Brown contends that after serving less than nine years in prison, the trial court granted him judicial release during which Brown violated the terms and conditions of probation. Brown argues that a trial court's failure to correctly impose postrelease control before a defendant completes his sentence renders the parole board's authority to impose post-release control a nullity.

**{¶7}** In *State v. Grimes,* the Ohio Supreme Court held,

> We hold that to validly impose post-release control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether post-release control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute.

___ Ohio St.3d ___, 2017-Ohio-2927 (May 24, 2017), ¶1. The Supreme Court further noted,

> Grimes did not introduce a transcript of the hearing into the record, so we must assume the regularity of the sentencing hearing. *Natl. City Bank v. Beyer,* 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000). Our holding is limited to those cases in which the trial court makes the proper advisements to the offender at the sentencing hearing. We reach no conclusion as to the requirements for sentencing entries in cases in which notice at the sentencing hearing was deficient.

___ Ohio St.3d ___, 2017-Ohio-2927 (May 24, 2017), ¶20.

**{¶8}** In the case at bar, the record does not contain the Judgment Entry of Sentence and Conviction from Richland County Court of Common Pleas, Case No. 2002

CR 497 and 2002 CR 573.  Nor has the transcript of the sentencing in those cases been filed and made a part of the record in this case on appeal.

{¶9}    As was true in *Grimes,* this court must therefore, "assume the regularity of the sentencing hearing.  *Natl. City Bank v. Beyer,* 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000)." *Grimes* at ¶20.

{¶10}  Although the state has attached unverified copies of the judgment entries in the prior cases to its brief filed in this case, the exhibits attached to the state's brief were not filed in the trial court in the underlying action and were not included in the record on appeal.  An appellant has the burden of showing the trial court erred based on reference to matters in the record.  *State v. Ray*, 181 Ohio App.3d 590, 2009–Ohio–1395, 910 N.E.2d 34, ¶ 29 (5th Dist.).  App.R. 9(A)(1) limits appellate records to the "original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases."  Documents attached to an appellate brief are not properly part of the appellate record, and we cannot consider an attachment unless it appears in the trial court's record.  Id.; *Willis v. Ohio Dept. of Transp.,* 4th Dist. Lawrence No. 15CA13, 2016–Ohio–1593, 50 N.E.3d 581, fn. 1 , *citing Dagostino v. Dagostino*, 165 Ohio App.3d 365, 2006–Ohio–723, 846 N.E.2d 582 (4th Dist.), fn. 2.  In *State v. Hooks*, the Supreme Court noted:

> A reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.  *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978).

92 Ohio St.3d at 93-94, 2001–Ohio–150, 748 N.E.2d 528. It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. Pickaway No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(10th Dist. 1963).

{¶11} In the case at bar, the record does not contain a transcript of the sentencing hearings conducted by the trial court in the prior cases or properly authenticated sentencing entries. Without a complete record of the hearings and the judgment entries filed in those cases having been filed in the trial court or made a part of the record on appeal, we presume that the omitted hearings and entries support the trial court's decision and that the trial court's sentencing on the charge in the case at bar complies with applicable rules and sentencing statutes. *See, State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.,* _____ Ohio St.3d ____, 2017-Ohio-2927(Sept. 21, 2017), ¶5.

{¶12} A trial court can take judicial notice of the court's docket. *Helfrich v. Madison*, 5th Dist. Licking No. 08-CA-150, 2009-Ohio-5140, ¶49. However, a court does not have the authority to take judicial notice of the proceedings in another case, including its own judgment entries. *Id., citing State v. LaFever*, 7th Dist. Belmont No. 02 BE 71, 2003-Ohio-6545, ¶27; *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004-Ohio-1241, ¶17; *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 454 N.E. 2d 1330 (4th Dist. 1982)*; NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 901 N.E.2d 869, 2008-Ohio-5996 (8th Dist.), ¶16. The rationale for this holding is that if a trial court takes notice of a prior proceeding, the appellate court cannot

review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. Id*., citing Blaine, supra*, ¶ 17; *LaFever, supra,* ¶ 27.

{¶13} This Court is not authorized to review materials that are not part of the official record. We are forced to conclude that there is no reviewable evidence in the record to demonstrate that in Richland County Court of Common Pleas Case Nos. 2002 CR 497 and 2002 CR 573 the trial court did not orally provides all the required advisements at the sentencing hearing and/or that the sentencing entries did not contain the following information: (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute. *State v. Grimes, supra.*

{¶14} Brown's sole assignment of error is overruled.

{¶15} The Judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur