OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Jason Noe appeals the decision of the Ashland County Court of Common Pleas, Domestic Relations Division, to grant Defendant-Appellee, Gina R. Noe, nka Hughes' motion for change of custody and deny Appellant's motion for a new hearing.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant and Appellee were married on April 27, 2001. One child was born as issue of their marriage, Gabriel Noe, DOB June 6, 2002. Appellant filed for divorce against Appellee in 2004. A Decree of Divorce was granted on March 28, 2005. The trial court granted custody of their then three-year-old son to Appellant.
 {¶ 3} On June 29, 2005, Appellee filed a motion to modify designation of residential parent and legal guardian. Appellee argued that since the date of the custody decision, Appellant became employed full-time and moved to Wooster, Ohio. Because of Appellant's work schedule, Appellant placed Gabriel in a day care/preschool facility from approximately 7:30 a.m. to 5:15 p.m. Appellee stated that she did not work outside the home and that it would be in Gabriel's best interests to be cared for by her during the day, rather than by day care providers.
 {¶ 4} An evidentiary hearing was held before the magistrate on November 2, 2005. At the time of the hearing, the child was still attending day care while Appellant worked.
 {¶ 5} The magistrate issued his decision regarding Appellee's motion approximately two years later, on July 25, 2007.[1] The magistrate found, pursuant to *Page 3 
R.C. 3109.04(E)(1)(a) and (F) that a change occurred in the circumstances of the child and the child's residential parent and that a modification was necessary to serve the best interests of the child. (Magistrate's Decision, July 25, 2007). Specifically, the magistrate determined that it was in the best interests of the child to be with Appellee during the day, rather than in day care. Id.
 {¶ 6} Appellant filed objections to the magistrate's decision on August 13, 2007. In his objection, Appellant requested the trial court conduct a new hearing to consider the changes in circumstances that had occurred since the matter was originally heard on November 2, 2005 and ruled upon on July 25, 2007. Since November 2, 2005, Appellant remarried, had a child with his new wife and Gabriel started kindergarten in 2007.
 {¶ 7} On August 24, 2007, the trial court overruled Appellant's request for a new hearing. (Judgment Entry, Aug. 24, 2007). It did determine that it would conduct an in camera interview of Gabriel on August 29, 2007. Id.
 {¶ 8} By entry of November 7, 2007, the trial court overruled Appellant's objections to the magistrate's decision. It affirmed the decision of the magistrate that it was in the best interests of the child to be at home with Appellee during the day, rather than at day care. Custody was given to Appellee on November 30, 2007.
 {¶ 9} It is from these decisions Appellant now appeals. Appellant raises two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO GRANT A NEW HEARING TO CONSIDER NEW EVIDENCE AFTER A SPAN OF ALMOST 2 YEARS BETWEEN THE DATE OF THE PRESENTATION OF EVIDENCE TO THE DATE OF THE MAGISTRATE'S DECISION. *Page 4 
 {¶ 11} "II. THE TRIAL COURT ERRED IN MAKING A DECISION TO CHANGE CUSTODY FROM THE PLAINTIFF TO THE DEFENDANT WHEN IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 12} Appellant argues in his first Assignment of Error that the trial court abused its discretion when it denied Appellant's motion for a new hearing. We agree.
 {¶ 13} On August 13, 2007, Appellant filed a motion for a new hearing with his objections to the magistrate's decision. Appellant's motion asserted that a new hearing was warranted due to the change in circumstances that had occurred to the child and Appellant during the period between the original hearing on November 2, 2005 and the magistrate's decision on July 25, 2007. The issues that predicated the magistrate's decision, the child's attendance in day care, no longer existed as the child began attending elementary school in 2007.
 {¶ 14} Appellant's request for new hearing is brought under Civ.R. 53(E)(4). The Civil Rule states in pertinent part:
 {¶ 15} "(b) Action on magistrate's decision. Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.
 {¶ 16} "(d) Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do *Page 5 
so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."
 {¶ 17} A trial court's decision to adopt, reject or modify a magistrate's decision or to hold further hearings, will be reversed on appeal only for an abuse of discretion. Wade v. Wade (1996),113 Ohio App.3d 414, 419. An abuse of discretion implies that the court engaged in arbitrary, unreasonable or unconscionable decision-making.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 18} In addressing the changes since the original hearing, the trial court held:
 {¶ 19} "Plaintiff also argues that there have been changes since the hearing not considered by the Court. Unfortunately, due to the caseload of the Court, decisions are not made and published immediately after a hearing. The Court cannot consider evidence not presented at the hearing, which would include by necessity subsequent changes in the circumstances of the parties." (Judgment Entry, Nov. 7, 2007).
 {¶ 20} Upon review of Appellant's motion for new hearing, we find it asserted new information that contradicted the findings of the magistrate. During the one year and nine months it took the magistrate to issue his decision and the further delay on the trial court's rulings, the circumstances upon which the magistrate's decision was based ceased to exist. The child no longer attended day care. He was enrolled in elementary school where being away from the parent and in the care of a third party is a necessary fact.
 {¶ 21} We are sympathetic to a burdensome caseload and the struggle to produce timely decisions. In this case however, due to the untimeliness of the magistrate's decision and the new information presented to the trial court in Appellant's motion for new hearing, we find the trial court abused its discretion in not granting a new *Page 6 
hearing to consider that information. Civ.R. 53(E)(4) permitted the trial court to consider Appellant's additional evidence at a new hearing.
 {¶ 22} Accordingly, Appellant's first Assignment of Error is sustained.
 II. {¶ 23} Due to the change in circumstances presented by Appellant and our finding above, we find Appellant's second Assignment of Error is not yet ripe for our review.
 {¶ 24} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is hereby reversed and the cause is remanded to the court for further proceedings in accord with law and consistent with our opinion.
 Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded to the court for further proceedings in accord with law and consistent with our opinion.
Costs assessed to Appellee.
[1] At this time, Gabriel was five years-old. *Page 1