PRESTON, Appellee,

v.

PRESTON, Appellant.

[Cite as *Preston v. Preston,* 189 Ohio App.3d 635, 2010-Ohio-3711.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 09CA26.

Decided Aug. 5, 2010.

W. Mack Anderson, for appellee.

Marty J. Stillpass, for appellant.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment that granted the parties a divorce and allocated the parental rights and responsibilities of the parties' minor child.

{¶ 2} Jessica Preston, defendant below and appellant herein, raises the following assignments of error for review:

First Assignment of Error:

The court below erred in ordering an equal time shared parenting plan where each parent is to be considered the residential parent when the child is in that parents [sic] physical custody.

Second Assignment of Error:

The court below erred in designating the plaintiff-appellee as residential parent for school purposes.

{¶ 3} The parties married on August 23, 2004, and had one child, born in February 2006. On January 8, 2007, appellee filed a complaint for divorce.

{¶ 4} After a hearing, the magistrate issued a decision that recommended that the trial court designate appellee the residential parent and legal guardian and that appellee and appellant have equal parenting time, alternating every four days. The magistrate found that appellee is more inclined to facilitate parenting time than appellant. The magistrate further observed that the parties had successfully shared equal parenting time.

{¶ 5} Appellant objected to the magistrate's decision. On June 19, 2008, the trial court overruled appellant's objections. The court found that the magistrate "essentially ordered a joint custody arrangement as between the parties, designating [appellee] as the residential parent for purposes of enrollment into school or other similar matters. Further, each parent shall be considered the residential parent of the parties' minor child when the child is in their custody. This Court finds no legal basis for modifying the Magistrate's recommendation regarding the custody arrangement."

{¶ 6} On July 21, 2008, appellant filed a notice of appeal, which apparently was voluntarily dismissed.[1]

{¶ 7} On September 23, 2009, the trial court issued a divorce decree that granted the parties "equal shared parenting * * * on an alternating four (4) day basis." The court designated appellee the child's residential parent for school purposes, and ordered that each parent be considered the child's residential parent when the child is in his or her physical custody. Appellant filed a notice of appeal.

{¶ 8} Appellant's assignments of error challenge the trial court's decision to order the parties to equally share parenting time and designate each parent the child's residential parent when the child is in that parent's physical custody but designate appellee the child's residential parent for school-placement purposes. We agree that the trial court erred by designating both parties the child's residential parent.

{¶ 9} A trial court generally possesses broad discretion when allocating parental rights and responsibilities. See, e.g., *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159; *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846; *In re J.B.S.*, Scioto App. No. 09CA3316, 2010-Ohio-1974, 2010 WL

---

1. The record does not contain any document relating to the dismissal of this first appeal.

1783540. Thus, an appellate court must afford a trial court's child-custody determinations the utmost respect, " 'given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned [and the fact that] [t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.' " *Pater v. Pater* (1992), 63 Ohio St.3d 393, 396, 588 N.E.2d 794, quoting *Miller*, 37 Ohio St.3d at 74, 523 N.E.2d 846. Therefore, an appellate court ordinarily will not reverse a trial court's custody determination unless the trial court abused its discretion. We further note, however, that in exercising its discretion, a trial court must follow the dictates of R.C. 3109.04. Whether a trial court properly complied with this statute is a question of law subject to independent review. See *Picciano v. Lowers*, Washington App. No. 08CA38, 2009 WL 2351760, at ¶ 19.

{¶ 10} R.C. 3109.04 controls a trial court's discretion relating to the allocation of parental rights and responsibilities in a divorce action and states:

(A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3127.01 to 3127.53 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. Subject to division (D)(2) of this section, the court may allocate the parental rights and responsibilities for the care of the children in either of the following ways:

(1) If neither parent files a pleading or motion in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.

(2) If at least one parent files a pleading or motion in accordance with division (G) of this section and a plan for shared parenting pursuant to that division and if a plan for shared parenting is in the best interest of the children

and is approved by the court in accordance with division (D)(1) of this section, the court may allocate the parental rights and responsibilities for the care of the children to both parents and issue a shared parenting order requiring the parents to share all or some of the aspects of the physical and legal care of the children in accordance with the approved plan for shared parenting. If the court issues a shared parenting order under this division and it is necessary for the purpose of receiving public assistance, the court shall designate which one of the parents' residences is to serve as the child's home. The child support obligations of the parents under a shared parenting order issued under this division shall be determined in accordance with Chapters 3119., 3121., 3123., and 3125. of the Revised Code.

{¶ 11} Under R.C. 3109.04(A)(1), if neither parent requests shared parenting, then a trial court, "in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children." Thus, the statute does not permit a trial court to designate both parents the child's residential parent when the parties do not request shared parenting. As the court explained in *Emmert v. Aronson* (Mar. 5, 1997), Summit App. No. 17878, 1997 WL 104661:

Pursuant to Sections 3109.04(A)(1) and (2) of the Ohio Revised Code, a trial court has authority to provide for shared parenting if at least one parent filed a pleading or motion requesting it and that same parent filed a proposed shared parenting plan. Otherwise, the trial court must allocate parental rights and responsibilities to one of the parents.

In Emmert, for example, the court held that the trial court could not designate each parent the residential parent during the time that the children lived with that parent. See also *Cuvar v. Cuvar*, Greene App. Nos. 08CA56 and 08CA59 (holding that under R.C. 3109.04(A)(1) the trial court could not designate one parent the residential parent during the school year and the other the residential parent during the summer school break); *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 641, 725 N.E.2d 1165 (holding that a trial court may not fashion its own shared-parenting plan); *Helms v. Helms* (Sept. 10, 1997), Summit App. No. 18142, 1997 WL 576385 (stating that "[n]othing in the statute permits the court to adopt its own shared parenting plan"); *McClain v. McClain* (1993), 87 Ohio App.3d 856, 857, 623 N.E.2d 242. Thus, "[t]he court must designate a sole residential parent in cases where neither parent requests shared parenting, where at least one parent requests shared parenting but does not file a shared parenting plan, or where at least one parent requests shared parenting and files a plan, but shared parenting is not in the best interest of the child." Sowald &

Morganstern, Ohio Domestic Relations Law (4th Ed.), Section 15:36. "[A] court may not sua sponte create or declare a shared parenting plan on its own." *Frey v. Frey,* Hancock App. No. 5–06–36, 2007-Ohio-2991, 2007 WL 1731592, at ¶ 28, citing *McClain.*

{¶ 12} In the case at bar, the trial court, by designating both parents the child's residential parent, imposed, in essence, a shared-parenting plan. However, the record does not contain evidence that either parent requested shared parenting or filed a shared-parenting plan. Under the statute, therefore, the trial court was required to designate one of the parents the child's residential parent. Here, because the trial court's decision designates both parties the child's residential parent and thus contravenes R.C. 3109.04(A)(1), we must remand this matter to the trial court. We hasten to add that we express no general disagreement with what the trial court attempted to achieve with its order (approximately equal parenting time). However, in the absence of statutory authority, a court cannot designate both parents the child's residential parent. Rather, it must choose one.

{¶ 13} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's two assignments of error and hereby reverse the trial court's judgment and remand the cause for further proceedings.

Judgment reversed
and cause remanded.

McFARLAND, P.J., and HARSHA, J., concur.