[Cite as *Welch v. Welch*, 2012-Ohio-6297.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

JOHNNY R. WELCH, Jr.,                      :

    Plaintiff-Appellee,                    :   Case No.  12CA12

    vs.                                     :

AMY LYNN WELCH,                            :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                    :

---

APPEARANCES:

COUNSEL FOR APPELLANT:   James D. Sillery, MOLLICA, GALL, SLOAN & SILLERY
CO., L.P.A., 35 North College Street, P.O. Drawer 958,
Athens, Ohio 45701

COUNSEL FOR APPELLEE:   Thomas E. Eslocker, ESLOCKER & OREMUS CO.,
L.P.A., 16 West State Street, Athens, Ohio 45701

---

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-26-12
ABELE, P.J.

{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment that

adopted the magistrate's decision that granted the parties a divorce and designated Johnny R.

Welch, Jr., plaintiff below and appellee herein, the child's residential parent and legal custodian.

{¶ 2} Amy Lynn Welch, defendant below and appellant herein, assigns the following

error for review:

> "IT WAS AN ABUSE OF DISCRETION WHEN THE TRIAL
> COURT FAILED TO CONSIDER APPELLANT'S MOVE
> CLOSER TO APPELLEE AFTER THE FINAL HEARING AND

RETURN THE ISSUE OF PARENTING RIGHTS AND
RESPONSIBILITIES TO THE MAGISTRATE TO CONSIDER
SUCH NEW EVIDENCE."

**{¶ 3}** The parties married on May 15, 2004.   Their union produced one child, born June 28, 2005.   On April 26, 2010, appellee filed a divorce complaint and requested the trial court to designate him the child's residential parent and legal custodian.   Appellant counterclaimed for divorce and also requested the child's residential parent and legal custodian designation.

**{¶ 4}** On August 23, 2010, and continuing on October 12, 2010, the magistrate held a hearing.   The evidence adduced at the hearing indicated that in January 2010, appellant moved into her boyfriend's home in Beaver, Ohio, approximately sixty miles from the marital residence. Appellee testified that he believes that if he and appellant lived closer to each other, they could share parenting on an equal basis.   The guardian ad litem testified that designating appellant the child's residential parent and legal custodian is in the child's best interests.

**{¶ 5}** On July 29, 2011, the magistrate recommended that the trial court designate the appellee the child's residential parent and legal custodian.   The magistrate emphasized that the decision was based, in part, upon the distance between the appellant's home and the appellee's home:   "The Magistrate cannot stress enough how unfortunate it is that the parties reside a sufficient distance apart as to make a 50-50 division of parenting time impracticable."

**{¶ 6}** Appellant objected to the magistrate's decision and asserted that (1) the trial court consider additional evidence, and (2) the court order shared parenting because the parties now reside closer to each other.   Alternatively, the appellant requested that the matter be returned to the magistrate for further consideration in light of appellant's relocation.   Appellant attested that subsequent to the divorce hearing, she relocated to Wellston, Ohio, approximately 22 miles from

the child's school.   Appellant thus requested the court to designate both parents the child's residential parent and legal custodian and to order equal parenting time.

{¶ 7}   On February 10, 2012, the appellee responded to the appellant's objections and argued that the appellant's affidavit is inappropriate under Civ.R. 53 and should be stricken from the record.   Appellee asserted that an affidavit is proper "only if a transcript is not available." Appellee further contended that the trial court should not consider the "new evidence" contained in appellant's affidavit.   Appellee argued that Civ.R. 53 "does not permit a party to submit new facts and new considerations which have occurred after the Final Hearing, but rather, new evidence that existed as of the date of the Final Hearing, but for some reason could not be produced with reasonable diligence."   Appellee further asserted that appellant actually attempted to "modify the Magistrate's Decision."   He contended that "[s]uch a process is improper."   Appellee argued: "If [appellant] desires to file a Motion for Modification, due process will be served by permitting [appellee] and his counsel to question and examine if [appellant] resides in Wellston, Ohio on a full time basis, if she has a lease at said premises, the actual distance between Wellston and Albany, whether she is still with her paramour, if the move to Wellston is merely a ruse, and numerous other considerations in determining if a modification of a custody ruling would be in [the child's] best interests."

{¶ 8}   On March 2, 2012, the trial court opted to not consider the appellant's affidavit. The court determined "that Civ.R. 53(D) is not applicable to [appellant]'s affidavit" and that it "concerns matters which occurred subsequent to the final hearing."   The court thus adopted the magistrate's decision, granted the parties a divorce, and designated the appellee the child's legal custodian and residential parent.   This appeal followed.

{¶ 9}   In her sole assignment of error, appellant asserts that the trial court erred by failing to return the parenting time issue to the magistrate after the appellant presented new evidence that she relocated and lives closer to the appellee.   Appellee contends that (1) appellant's argument is a disguised motion to modify custody; and (2) appellant cannot request shared parenting because she failed to file a motion in the trial court to request shared parenting.

{¶ 10}  Generally, a trial court possesses broad discretion when ruling on objections to a magistrate's decision.   Crosby v. McWilliam, 2nd Dist. No. 19856, 2003-Ohio-6063, 2003 WL 22681324, ¶7.   Consequently, appellate courts should not reverse a trial court's decision regarding a magistrate's decision absent an abuse of discretion.   Dyrdek v. Dyrdek, 4th Dist. No. 09CA29, 2010-Ohio-2329, 2010 WL 2091649, ¶12.

{¶ 11}  Under Civ.R. 53(4)(a), a magistrate's decision is not effective until a trial court adopts it.   Civ.R. 53(4)(b) gives a court discretion, whether or not objections are filed, "to adopt or reject the magistrate's decision in whole or in part, with or without modification."   A court also "may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."   Id.   "In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court." Barnett v. Barnett, 4th Dist. No. 04CA13, 2008-Ohio-3415, ¶16, quoting Cunningham v. Cunningham, 4th Dist. No. 01 CA2810, 2002-Ohio-4094, ¶8.

{¶ 12}  In contrast to the broad discretion afforded to a trial court under Civ.R. 53(D)(4)(b) (whether or not objections are filed), Civ.R. 53(D)(4)(d) specifies the action a trial court may take when a party does object.   The rule provides:

If one or more objections to a magistrate's decision are timely filed, the

court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Id. (emphasis added). The last sentence of the rule "gives a trial court broad discretion when deciding whether to hear additional evidence," but it "limits this discretion and requires acceptance of the new evidence if the objecting party demonstrates with reasonable diligence that it could not have produced the new evidence for the magistrate's consideration." Riley v. Riley, 6th Dist. No. H-08-019, 2009-Ohio-2764, 2009 WL 1652837, ¶20, quoting Johnson-Wooldridge v. Wooldridge, 10th Dist. No. 00AP-1073 (July 26, 2001). Thus, the rule provides that although a court has discretion to refuse to consider new evidence, a court does not have discretion to refuse to consider new evidence if the objecting party demonstrates that it could not, with reasonable diligence, have presented the evidence to the magistrate. "The crux of this analysis is whether [the objecting party was] put on notice of the [additional evidence] at the time of the magistrate's hearing to reasonably expect [that party] to present the evidence at that time." Johnson-Wooldridge. Moreover, a court must provide the objecting "party an opportunity to demonstrate that such newly discovered evidence could not have been produced before the magistrate." Porter v. Ferrall, 11th Dist. No. 2002-P-0109, ¶18.

{¶ 13} In Dagostino v. Dagostino, 165 Ohio App.3d 365, 2006-Ohio-723, 846 N.E.2d 582 (4th Dist.), we determined that the trial court's refusal to consider additional evidence did not constitute an abuse of discretion when the record revealed that the appellant "had ample opportunity to present evidence at the * * * divorce hearing but did not present [the] additional

evidence at that hearing" and when the appellant did not claim that "something prevented him from presenting this evidence at the * * * hearing."   Id. at ¶14.

{¶ 14} In the case sub judice, we believe that the trial court should have afforded the appellant a hearing regarding the additional evidence to allow the appellant to demonstrate that she could not, with reasonable diligence, have produced the evidence for the magistrate to consider.   If the appellant could establish that she could not have presented the evidence to the magistrate, Civ.R. 53(D)(4)(d) does not allow the trial court to refuse to consider the evidence.

{¶ 15} Furthermore, in contrast to Dagastino, the record in the case at bar does not reveal that the appellant had ample opportunity to present her relocation to the magistrate.   At the time of the hearing, she had not relocated.   Thus, it appears that she could not reasonably have been expected to present evidence that did not exist.

{¶ 16} Additionally, we disagree with the view that a party may not introduce new evidence that arises subsequent to a magistrate's hearing, but before the trial court's final judgment.   We do not believe that Civ.R. 53(D) authorizes such a blanket rule.   Instead, although the rule provides that a court may refuse to consider additional evidence, a court may not refuse to consider additional evidence if the objecting party demonstrates that the party could not, with reasonable diligence, have presented the evidence to the magistrate.   The rule thus contemplates that a party may present new evidence, i.e., evidence that was not presented to the magistrate.

{¶ 17} Moreover, we disagree with the appellee that the appellant's attempt to introduce additional evidence is a disguised motion to modify parental rights and responsibilities.   First, because the trial court had not entered a decree regarding the allocation of parental rights and responsibilities, no "decree" existed at that time to be modified.   R.C. 3109.04(E)(1)(a) (stating

that a trial court shall not modify a "prior decree" unless it complies with the relevant statutory guidelines).   Second, the appellee's assertion that a trial court cannot modify a magistrate's decision is contrary to the Civ.R. 53(D)(4)(b) language, which allows a trial court to adopt or reject a magistrate's decision "with or without modification."   Third, we believe that it serves the child's interest to permit a party to introduce evidence discovered subsequent to a magistrate's hearing, but before the trial court's final judgment.   If the new evidence affects the child's best interests, and if the court has not finalized a judgment, to further delay the consideration of that new evidence and to require a party to file a motion to modify will further delay what might be in the child's best interests.   In general, a court that considers child custody or visitation issues should be guided by the child's best interests, not a technical requirement that has the potential to actually negatively impact a child's best interests.   See Kelm v. Kelm, 92 Ohio St.3d 223, 227, 749 N.E.2d 299 (2001) (stating that "the central focus" when considering "matters of custody and visitation" is "the best interests of the children").   Thus, we believe that if a party objects to a magistrate's decision and raises additional evidence that relates to the child's best interests that the party could not, with reasonable diligence, have presented before the magistrate, a trial court should consider the additional evidence.

{¶ 18} We further believe that appellant's claim that all cases will now be subject to wide-spread abuse is unfounded.   A trial court considering new evidence certainly is entitled to weigh the credibility of that evidence.   The court also may consider whether the objecting party could have, with reasonable diligence, presented the evidence before the magistrate.   Simply because a party attests to certain additional or new facts does not necessarily require that a court will determine, after a hearing, that the party was indeed unable to present the evidence before the

magistrate, or that those facts are indeed credible.

{¶ 19}  Furthermore, we believe that judicial resources will be conserved when a trial court considers new evidence that arises after the magistrate's decision, but before the trial court's final judgment.   If a party cannot introduce such new evidence, but instead must wait for a final judgment and then file a motion to modify the prior allocation, that process will incur additional time and monetary costs.   Economy is better served if a trial court considers the new evidence when the magistrate's order remains interlocutory and before the court enters a final judgment.

{¶ 20}  We do, however, agree with the appellee that a trial court may not award shared parenting when neither party requests it.   Preston v. Preston, 189 Ohio App.3d 635, 2010-Ohio-3711, 939 N.E.2d 1270, ¶11 (4th Dist.).   Nevertheless, this does not mean that a court cannot award equal, or nearly equal, parenting time.   Id. at ¶12.

{¶ 21}  Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error, reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS
OPINION.

Kline, J., dissenting.

{¶ 22} I respectfully dissent. Here, I disagree that Appellant should have been afforded "a hearing regarding the additional evidence." Appellant already had an opportunity to "demonstrate that [she] could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). Appellant had that opportunity in her objections to the magistrate's decision, but Appellant did not even attempt to make the requisite showing. Furthermore, if Appellant had always intended to move closer to Appellee and the Child, Appellant could have certainly introduced this evidence during the hearing. But here, Appellant did not move until January 2012 -- more than five months after the magistrate issued her decision. Therefore, the trial court could have reasonably concluded that Appellant's relocation was a tactical response to the magistrate's decision and not additional evidence as contemplated by Civ.R. 53(D)(4)(d).

{¶ 23} In conclusion, I am constrained by our standard of review. I may have reached a different conclusion than the trial court, but I cannot agree that the trial court abused its discretion by refusing to consider Appellant's additional evidence. Accordingly, I respectfully dissent.

[Cite as *Welch v. Welch*, 2012-Ohio-6297.]

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the matter remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment Only
Kline, J.: Dissents with Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.