[Cite as *Morrison v. Morrison*, 2014-Ohio-2254.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | | |
|---|---|---|---|
| BRANDY M. MORRISON | | | C.A. No. 27150 |
| Appellant | | | |
| v. | | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD J. MORRISON, SR. | | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | | CASE No. 2011-11-3413 |

DECISION AND JOURNAL ENTRY

Dated: May 28, 2014

WHITMORE, Judge.

{¶1} Brandy M. Morrison ("Wife") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I

{¶2} Wife and Chad J. Morrison, Sr. ("Husband") were married on August 15, 1998. Three children were born to the couple. In November 2011, Wife filed a complaint for divorce with children. Husband answered the complaint. The magistrate issued temporary orders on January 18, 2012. The temporary orders provide, *inter alia*, that Husband would pay the mortgages on the marital residence, that both parties would be temporary residential parents and legal custodians of the children, and that Husband would pay temporary child support to Wife. The magistrate found that "[t]emporary spousal support [was] not appropriate under the existing circumstances."

{¶3} After Husband ceased paying the mortgages, Wife filed a motion for Husband to show cause why he should not be held in contempt for failing to pay the mortgages. That same day, Wife moved to modify the temporary orders to provide spousal support alleging "the parties agreed that no spousal support would issue in lieu of an order directing [Husband] to pay the monthly mortgage on the marital residence." Both parties also moved the court to modify their parental rights and responsibilities.

{¶4} The magistrate held a hearing and modified the temporary orders. The parties agreed the issue of whether Husband was in contempt for non-payment of the mortgages would pass through to the final hearing. The magistrate noted: "Since [t]emporary [o]rders were issued Husband has entered in to a Chapter 7 Bankruptcy. Hence, the [c]ourt can modify the support as no stay on these issues, but cannot order the payment of debts." The magistrate ordered the Husband to pay Wife temporary spousal support of $500 per month.

{¶5} A trial was held before the chief magistrate on December 5, 2012. On March 19, 2013, the chief magistrate issued a lengthy decision. That same day, the trial court issued a judgment entry divorce decree adopting the magistrate's decision. Thereafter, Wife requested findings of fact and conclusions of law. Wife's request was denied in an entry signed by both the chief magistrate and the trial court judge, which stated simply, "Findings of fact and conclusions of law [are] already contained in the Decree of Divorce filed March 19, 2013. Plaintiff's request is denied."

{¶6} Wife subsequently filed objections to the magistrate's decision. First, Wife objected to the designation of Husband as residential parent. Wife argued that the magistrate failed to apply the factors listed in R.C. 3109.04(F). Citing R.C. 3109.04(C), Wife also argued that the court had failed to make any specific findings regarding why, despite Husband's

conviction for domestic violence against Wife, it was in the best interest of the children for him to be the residential parent and legal custodian. Next, Wife objected to the parenting time schedule. Wife further objected to the order that she pay child support[1] commencing on the trial date rather than the decision date. Finally, Wife objected to the finding that Husband was not in contempt for failing to pay the mortgages. Wife requested an oral hearing on her objections.

{¶7} The trial court overruled Wife's request for an oral hearing. The court found, "[a]fter reviewing the docket, transcript and all the evidence submitted at the final hearing, * * * the record supports the [m]agistrate's findings and ultimate decision. Furthermore, * * * the finding that Mr. Morrison is not in contempt for non-payment of the mortgage is supported by the record." Wife now appeals and raises five assignments of error for our review. To facilitate the analysis, we rearrange and consolidate some assignments of error.

II

Assignment of Error Number Three

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT INCLUDING SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUIRED. THE TRIAL COURT CREATED A MANIFEST MISCARRIAGE OF JUSTICE.

{¶8} In her third assignment of error, Wife argues that the trial court failed to make specific findings of fact as required by R.C. 3109.04(C). We agree.

{¶9} R.C. 3109.04(C) provides, in relevant part:

If the court determines that either parent has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code * * *, it may designate that parent as the residential parent and may issue a shared parenting decree or order *only if it determines that it is in the best interest of the child to name that parent the residential parent* or to issue a shared parenting decree or order *and it makes specific written findings of fact to support its determination*.

---

[1] Wife also objected to the tax years that each party would claim the children on their tax returns, but neither party has appealed that issue to this Court.

(Emphasis added.) This Court has previously found that the failure to make such findings is reversible error. *Smith v. Smith,* 9th Dist. Wayne No. 00CA0063, 2001 WL 542317, *2 (May 23, 2001). In *Smith*, the magistrate made extensive factual findings, but "the trial court itself never mentioned the domestic violence conviction in its judgment." *Id.* at fn. 1.

{¶10} Wife alleges, and Husband does not dispute, that Husband was convicted of domestic violence in violation of R.C. 2919.25. The magistrate found: "Husband testified on cross examination that he was convicted of domestic violence in 2006, and that the victim was Wife. Husband testified that he was convicted in Barberton Municipal Court." This is the sole reference in the magistrate's decision to the domestic violence conviction. There is no reference to the domestic violence conviction in the trial court's entry adopting the magistrate's decision. Likewise, there is no reference to the domestic violence conviction in the trial court's entry overruling Wife's objections to the magistrate's decision. Neither the magistrate nor the trial court address the circumstances of the domestic violence conviction[2].

{¶11} In overruling Wife's objections, the trial court noted that Wife had objected to a number of items including that "the [c]ourt did not apply the factors based upon the requirements of section 3109.04(F)." The trial court did not acknowledge that Wife also objected to the lack of findings required by R.C. 3109.04(C). Pursuant to R.C. 3109.04(C), the trial court was required to determine whether it was in the best interest of the children to name Husband the residential parent and to make specific written findings of fact to support its determination. *See Smith*, 2001 WL 542317, at *2.

---

[2] At oral argument, counsel for Husband stated that the facts surrounding the domestic violence conviction were never addressed and even he did not know the facts and circumstances because the conviction was not in dispute.

**{¶12}** Wife's third assignment of error has merit and is sustained.

Assignment of Error Number One

THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION IN ITS ALLOCATION OF PARENTAL RIGHTS. THE TRIAL COURTS (sic) CUSTODY DECISION AND FACTUAL FINDINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED ITS VISITATION SCHEDULE FOR WEEKLY COMPANIONSHIP TIME AND DAYS OF SPECIAL MEANING. THE TRIAL COURTS (sic) DECISION AND FACTUAL FINDINGS ARE NOT SUPPORTED BY EVIDENCE OR IN THE CHILDREN'S BEST INTEREST.

**{¶13}** In Wife's first and second assignment of error, she argues, respectively, that the trial court erred in designating Husband the residential parent and in setting her visitation schedule. Given the disposition of assignment of error number three, we are unable to address these assignments of error at this time.

**{¶14}** The trial court's findings under R.C. 3109.04(C) are necessary before this Court can review the residential parent designation. *See Smith* at *2.* Similarly, this Court is unable to review the visitation schedule until the residential parent designation is determined by the trial court. R.C. 3109.051(A) provides:

> If a divorce * * * involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent *who is not the residential parent* to have parenting time with the child * * *, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in its journal its findings of fact and conclusions of law.

(Emphasis added.) By its plain language, parenting time for the nonresidential parent first requires a determination of who is the appropriate residential parent.

{¶15} Accordingly, we are unable to review Wife's assignments of error number one or two until the trial court addresses these issues in light of assignment of error number three.

Assignment of Error Number Four

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO HOLD APPELLEE IN CONTEMPT OF COURT AND/OR NOT ISSUING ORDERS FOR REPAYMENT.

{¶16} Wife argues that the trial court erred in failing to hold Husband in contempt for non-payment of the mortgages. Wife notes that Husband was ordered to pay the mortgages in the temporary orders dated January 18, 2012. Wife alleges that the temporary orders included mortgage payments in lieu of spousal support. On May 30, 2012, Wife filed two motions – one for contempt and the other for spousal support. Wife notes that for a four month period Husband paid neither the mortgages nor spousal support.

{¶17} This Court reviews contempt proceedings for an abuse of discretion. *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 8. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court." *Carrion v. Carrion*, 9th Dist. Lorain No. 07CA009138, 2007-Ohio-6142, ¶ 12. When there are multiple hearings but not all the transcripts are included in the record, this Court may be unable to question a trial court's discretionary decisions. *See Zemla v. Zemla*, 9th Dist. Wayne No. 09CA0019, 2010-Ohio-3938, ¶ 19, citing *Carrion* at ¶ 12.

{¶18} The magistrate held a hearing on the parties' motions for temporary orders on January 10, 2012. Wife alleges that the parties agreed that Husband would pay the mortgages rather than spousal support. Wife has not supplied this Court with a transcript of the January 10,

2012 hearing. On August 28, 2012, the magistrate held a hearing on the parties' pending motions, including Wife's motion to modify support, Wife's motion for contempt, and Husband's motion to modify support. Wife has not supplied this Court with a transcript of that hearing either.

{¶19} In the magistrate's order following the August 28, 2012 hearing, the magistrate noted: "Since [t]emporary [o]rders were issued Husband has entered in to a Chapter 7 Bankruptcy. Hence, the [c]ourt can modify support as no stay on these issues, but cannot order payment of debts." The magistrate set temporary spousal support at $500 per month effective May 30, 2012. The magistrate noted the issue of contempt regarding the non-payment of the mortgages would pass through to the final hearing.

{¶20} At the final hearing, the parties stipulated: "Husband was just granted a Chapter 7 discharge on November 28[, 2012]. So if he has any debts, they are being paid to the bankruptcy court." The record does not contain a list of what debts were included in the bankruptcy. The magistrate found, "that Husband was [o]rdered to pay the mortgages on the home, but not in exchange for no spousal support." The magistrate concluded: "Husband shall not pay the mortgage payments because he filed bankruptcy. Husband shall not be held in contempt." The trial court overruled Wife's objection to this finding.

{¶21} Based on the limited record before us, we cannot say the trial court abused its discretion. Wife's fourth assignment of error is overruled.

<u>Assignment of Error Number Five</u>

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOCATING APPELLANT TO PAY CHILD SUPPORT PAYMENTS AND CREDITS WHILE APPELLANT WAS STILL THE PRIMARY CARE GIVER. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT (sic) REQUEST FOR ORAL HEARING.

**{¶22}** Wife makes two arguments under her assignment of error number five. She argues that the trial court abused its discretion in denying her request for an oral hearing on her objections to the magistrate's decision. She also argues that the trial court erred in ordering her to pay child support as of the December 5, 2012 trial date rather than its March 19, 2013 decision date. We address these arguments separately.

Child Support Obligation Date

**{¶23}** We apply an abuse-of-discretion standard to child support issues. *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 38 (9th Dist.). Orders modifying child support obligations are generally retroactive to the date the modification was requested by one of the parties. *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421 (9th Dist.1990). But when the parties are operating under temporary support orders without a request for modification, it is inequitable to retroactively apply an increase to the period between the trial and the final judgment entry. *Ostmann* at ¶ 43-45. Rather under those circumstances, any modification of the temporary support orders "may equitably be applied only prospectively from the date of the decree." *Id.* at ¶ 45.

**{¶24}** In the present matter, temporary orders were issued on January 18, 2012 establishing child support and finding spousal support "not appropriate." Wife filed a motion to modify spousal support on May 30, 2012. Husband filed a motion to modify child support on June 5, 2012. The magistrate issued an order modifying both the spousal support and the child support on October 1, 2012. Neither party filed any motions to modify after the October 1, 2012 entry. At the time of the trial on December 5, 2012, there were no pending motions to modify. Therefore, it was error for the trial court to retroactively modify the parties' child support obligations to December 5, 2012.

Request for Oral Hearing

**{¶25}** In her objections to the magistrate's decision, Wife requested an oral hearing alleging she had "additional evidence regarding her employment as it relates to parental rights and responsibilities that became available after the trial in this matter, and thus [she] could not, with reasonable diligence, have produced that evidence for consideration by the [m]agistrate." The trial court denied Wife's request for an oral hearing without explanation.

**{¶26}** The actions a trial court can take on a magistrate's decision are outlined in Civ.R. 53(D)(4). If objections are filed, the court:

> shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before [ ] ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Civ.R. 53(D)(4)(d). The rule "contemplates that new events may arise or be discovered between the time of a magistrate's decision and a trial judge's final judgment, and the rule provides a mechanism for the introduction of such evidence in a timely manner." *See In re A.S.*, 9th Dist. Summit No. 26462, 2013-Ohio-1975, ¶ 14-15 (analyzing identical language in Juv.R. 40(D)(4)(d)).

**{¶27}** A trial court generally has discretion to decide whether it will hear new evidence following objections, but "a court does not have discretion to refuse to consider new evidence if the objecting party demonstrates that it could not, with reasonable diligence, have presented the evidence to the magistrate." *Welch v. Welch*, 4th Dist. Athens No. 12CA12, 2012-Ohio-6297, ¶ 12 (applying Civ.R.53(D)(4)(d) where spouse relocated following magistrate's hearing). While "[w]e are sympathetic to a burdensome caseload and the struggle to produce timely decisions," the passage of time between a magistrate's hearing and decision can allow for a change in

circumstances that a party may properly raise through Civ.R. 53(D)(4)(d). S*ee Noe v. Noe*, 5th Dist. Ashland No. 07-COA-047, 2008-Ohio-1700, ¶ 20-21 (during time between hearing and decision child left day care and began elementary school). Once properly raised, "a court must provide the objecting 'party an opportunity to demonstrate that such newly discovered evidence could not have been produced before the magistrate.'" *Welch* at ¶ 12, quoting *Porter v. Ferrall*, 11th Dist. Portage No. 2002-P-0109, 2003-Ohio-6685, ¶ 18.

{¶28} We are mindful that a blanket rule requiring a hearing every time an objecting party invokes the talismanic words of Civ.R. 53(D)(4)(d) could lead to an abuse of that rule. But under the facts of this case, we do not believe Wife has merely invoked a set of talismanic words. Rather, Wife noted the evidence did not become available until after trial. She identified a factual change in circumstances regarding her employment. Finally, she detailed that the parties' legal parental rights and responsibilities could be affected by the change. We take no position on the merits of Wife's allegations, but simply find a hearing was warranted under the circumstances. *See In re A.S.* at ¶ 27, *Welch* at ¶ 17-18.

{¶29} Wife's fifth assignment of error is sustained.

III

{¶30} Wife's assignments of error number three and five are sustained. Wife's assignments of error number one and two are not ripe for review. Wife's assignment of error number four is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

BRANDY M. MORRISON, pro se, Appellant.

DON E. LOMBARDI, Attorney at Law, for Appellee.