[Cite as *McGlumphy v. Hess*, 2017-Ohio-74.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KATHINA K. MCGLUMPHY

    Appellee

    v.

STEVEN L. HESS

    Appellant

C.A. No.     28157


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2004-01-0353

DECISION AND JOURNAL ENTRY

Dated: January 11, 2017

---

WHITMORE, Judge.

{¶1} Appellant, Steven Hess ("Father"), appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that found it was in the best interest of his daughter ("Daughter") for her to live with her mother, Appellee Kathina McGlumphy ("Mother"). For the following reasons, this Court affirms.

I.

{¶2} Mother and Father are the parents of a teenage daughter. They have never been married to each other. In 2005, they agreed to shared parenting. In their agreement, they wrote that Daughter would attend school in the district where Mother lived, which they later clarified was the Manchester school district. In 2014, Father moved to terminate the shared parenting plan after Mother informed him that she intended to move to Dover, Ohio. Following a hearing, a magistrate recommended that the shared parenting plan be terminated and that Father be designated the residential parent. Mother objected to the recommendation. The trial court

sustained her objections, finding that the magistrate's decision was not consistent with the manifest weight of the evidence. It declined to terminate the shared parenting order. Instead, it found that it was in the best interest of Daughter for her to live primarily with Mother and for Mother to be the residential parent for school purposes. Father has appealed, assigning three errors, which we will address together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN SUSTAINING MOTHER'S OBJECTIONS BY HOLDING THAT THE MAGISTRATE'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW DUE TO THE FACT THAT THE TRIAL COURT DID NOT HAVE LEGALLY SUFFICIENT EVIDENCE TO MAKE CERTAIN FINDINGS.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO PROPERLY CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION AS REQUIRED BY CIV. R. 53(D)(4)(d).

{¶3}   Father argues that the trial court abused its discretion when it sustained Mother's objections to the magistrate's decision. He also argues that it is not clear from the court's judgment whether it considered the in camera interview that the magistrate held with Daughter, the bond between Daughter and her best friend, or Mother's failure to cooperate with Father, counselors, and the guardian ad litem. Noting the trial court's reliance on the guardian ad litem's recommendation, Father also argues that the guardian ad litem did not spend enough time with Daughter to make a reasoned recommendation. He further argues that the court incorrectly

found that Mother has the stronger commitment to Daughter's educational needs and that the both parties need to improve on honoring and facilitating visitation. According to Father, the multiple errors in the trial court's decision demonstrate that it failed to undertake an independent review of the objected matters as required under Civ.R. 53(D)(4)(d).

{¶4} Upon review of the record, we note that it does not contain a complete transcript of the hearing before the magistrate. Although it appears that the parties and judge received a copy of the entire transcript, only the first volume, consisting of the testimony offered on August 11, 2015, was filed with the clerk of courts. This Court, therefore, is unable to review any of the testimony that was offered on August 14, 2015.

{¶5} "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court." *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B). "[If] the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶6} Without a transcript of the second day of the hearing, we are unable to review whether the trial court's factual findings are supported by sufficient evidence or are against the manifest weight of the evidence. We are also unable to review whether the trial court abused its discretion in weighing the best-interest-of-the-child factors listed in R.C. 3109.04(F). *See Morrison v. Morrison*, 9th Dist. Summit No. 27150, 2014-Ohio-2254, ¶ 17. Because Father failed to ensure that the appellate record contains a transcript of the entire hearing before the magistrate, we have no choice but to presume regularity in the proceedings. *See Zaryki v. Breen*,

9th Dist. Summit No. 27968, 2016-Ohio-7086, ¶ 15; *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993). Father's assignments of error are overruled.

III.

**{¶7}** Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

LARRY D. SHENISE, Attorney at Law, for Appellant.

CHRISTINE D. FINAN, Attorney at Law, for Appellee.