[Cite as *Robinson v. Boneta*, 2019-Ohio-667.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

DARR ROBINSON,

    PLAINTIFF-APPELLEE,               CASE NO. 1-18-51

    v.

BRITTANY BONETA,

    DEFENDANT-APPELLEE,
    -and-

HELLEN DOUGLAS,                    O P I N I O N

    INTERVENING PARTY-
    APPELLANT.

---

**Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 2012 JP 11654**

**Judgment Reversed, Cause Remanded**

**Date of Decision: February 25, 2019**

---

APPEARANCES:

    *Micaela C. Deming* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Intervener-appellant Hellen Douglas ("Douglas") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division overruling her objections to a magistrate's decisions and naming plaintiff-appellant Darr Robinson ("Robinson") as the residential parent of the minor child ("L.D.") that was the subject of the case. Douglas claims that the trial court erred by denying her request to present new evidence as is permitted by Civil Rule 53(D)(4)(d) and Juvenile Rule 40(D)(4)(d). For the reasons set forth below, the judgment is reversed.

{¶2} In September of 2012, L.D. was born to defendant-appellee Brittany Boneta ("Boneta"). Doc. 1. On December 3, 2012, Robinson, along with the Ohio Department of Job and Family Services through the Allen County Child Support Enforcement Agency ("ACCSEA"), filed a complaint to determine the parentage of L.D. Doc. 1. The trial court entered a judgment on October 21, 2013 naming Robinson as the father of L.D. Doc. 15, 18. No order of parenting time was made at that time, but Robinson was ordered to pay child support. *Id.*

{¶3} On February 18, 2014, the ACCSA filed a motion for contempt alleging that Robinson had failed to comply with the seek work order. Doc. 21. A hearing was held on the motion on September 25, 2014, at which Robinson admitted being in contempt of the court order. Doc. 29. The parties agreed that if Robinson subsequently complied with the court order, they would not oppose a suspended jail

sentence at the sentencing. *Id*. The sentencing hearing was held on February 2, 2015. Doc. 32. At that time, Robinson was ordered to serve a 30 day jail sentence. *Id.*

{¶4} On March 25, 2016, Robinson filed a complaint for allocation of parental rights and responsibilities under the same case number as the paternity case. Doc. 48. Robinson then filed an ex parte motion for temporary custody of L.D. on April 5, 2016. Doc. 60. The basis for this was that Boneta had left L.D. with Douglas, the maternal grandmother, while Boneta entered a drug rehabilitation program. *Id*. On April 13, 2016, Douglas filed a motion to intervene and to be granted legal custody of L.D. Doc. 62 and 63. Douglas alleged in the motion for legal custody that Robinson was prohibited from contact with L.D. by a domestic violence civil protection order issued by the Auglaize County Court of Common Pleas. Doc. 63. On June 13, 2016, a copy of a judgment entry modifying that protection order to allow Robinson contact with L.D. was filed. Doc. 70. This modification occurred after a hearing on June 3, 2016, and the Court of Common Pleas of Auglaize Country removed L.D. from the protection order "as a Court of competent jurisdiction is considering parental rights and responsibilities and will issue orders accordingly." *Id*. On July 8, 2016, the magistrate granted Douglas' motion to be added as a party. Doc. 71. On July 19, 2016, a hearing was held on Robinson's motion for temporary custody of L.D. Doc. 77. After reviewing the facts of the case, the magistrate denied Robinson's motion due to him having no

relationship with the child. Doc. 77. The magistrate granted visitation to Robinson. *Id.*

{¶5} On November 30, 2016, all of the parties submitted a joint motion for a Guardian ad Litem ("GAL"). Doc. 83. The trial court granted the motion and appointed a GAL. Doc. 86. The GAL filed his report on April 3, 2017. Doc. 110. On June 2, 2017, Robinson filed a second ex parte motion for temporary custody of L.D. on the grounds that Boneta had been indicted on four felony drug offenses. Doc. 142. Douglas filed a response to the motion on June 7, 2017. Doc. 144. Boneta filed her response to the motion on June 12, 2017. Doc. 146. The trial court denied the motion on June 12, 2017. Doc. 147.

{¶6} Hearings were held to determine the allocation of parental rights and responsibilities on August 1, August 22, and September 5, 2017. Doc. 171. On March 22, 2018, the magistrate filed her decision. *Id.* In the decision, the magistrate specifically found that there was no evidence presented at the hearings that any party had a conviction for domestic violence or had committed an act which might form the basis for the minor child to be found a dependent, neglected, or abused child. *Id.* at 34. The magistrate then named Robinson as the residential parent. *Id.* at 41. Douglas filed objections to the decision on April 4, 2018. Doc. 173. As part of the objections, Douglas requested that the trial court accept additional evidence in the matter that was unavailable to Douglas at the time of the hearings as is permitted pursuant to Civil Rule 53(D)(4)(d). *Id.* Douglas then attached exhibits allegedly

supporting her claims. *Id.* On August 2, 2018, the trial court overruled the objections to the magistrate's decision and implemented the decision of the magistrate as an order of the court. Doc. 194. In doing so the trial court denied the request to hear additional evidence. *Id.* Douglas appeals from this judgment and on appeal raises the following assignment of error.

> **The trial court erred by finding that [Robinson] was a suitable parent and that a grant of custody was in the best interests of the minor child without affording [Douglas] the opportunity to present additional evidence, under Civ.R. 53(D)(4)(d)/Juv.R. 40(D)(4)(d) when the evidence demonstrated continuing detriment to the child while in [Robinson's] care.**

{¶7} The assignment of error challenges whether the trial court should have held a hearing for the presentation of additional evidence. Originally Douglas claimed the right to present additional evidence under Civil Rule 53(D)(4)(d).

> **If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.**

Civ. R. 53(D)(4)(d). The appropriate rule for this issue in this case would have been Juvenile Rule 40(D)(4)(d) as the case is occurring in juvenile court. However, the language of Juvenile Rule 40(D)(4)(d) is identical to that of Civil Rule 53(D)(4)(d). Thus, the analysis of either statute will produce the same result. Both of these rules

consider that new events may occur between the time of the hearing and the trial court's final judgment and that the purpose of the rule is to provide a way for the introduction of such evidence before the trial court issues its final judgment. *See Morrison v. Morrison*, 9th Dist. Summit No. 27150, 2014-Ohio-2254, ¶ 26 (analyzing Civ.R. 53(D)(4)(d)) and *In re A.S.*, 9th Dist. Summit No. 26462, 2013-Ohio-1975, ¶ 14.

{¶8} Generally, the trial court has discretion to determine whether it will hear additional evidence following an objection, but "a court does not have discretion to refuse to consider new evidence if the objecting party demonstrates that it could not, with reasonable diligence, have presented the evidence to the magistrate." *Welch v. Welch*, 4th Dist. Athens No. 12CA12, 2012-Ohio-6297, ¶ 12. While this court is "sympathetic to a burdensome caseload and the struggle to produce timely decisions," the passage of time between the hearing and the decision of the trial court can allow for changes in circumstances that may be properly raised by a party pursuant to the appropriate rule, i.e. either Civil Rule 53(D)(4)(d) or Juvenile Rule 40(D)(4)(d). *See Noe v. Noe*, 5th Dist. Ashland No. 07-COA-047, 2008-Ohio-1700, ¶ 20-21. Courts have routinely held that when the objecting party demonstrates that with reasonable diligence, it could not have produced the additional evidence for the magistrate's consideration, the trial court must hold a hearing on the additional evidence. See *Wallace v. Willoughby,* 3d Dist. Shelby No. 17-10-15, 2011-Ohio-3008, ¶ 42; *Maddox v. Maddox*, 1st Dist. Hamilton No. C-140718, 2016-Ohio-2908,

65 N.E.3d 88, ¶ 14; In re M.L.E, C.I.E., J.T.E., A.C.E., N.C.E., H.J.E., L.M.E., J.R.E., 11ᵗʰ Dist. Portage Nos. 2015-P-0007, 2015-P-0010, 2015-P-0011, 2015-P-0012, 2015-P-0013, 2015-P-0014, 2015-P-0015, 2015-P-0016, 2015-Ohio-3647, ¶ 47; *Morrison, supra*; *In re A.S., supra*; *Welch, supra*; *Riley v. Riley*, 6ᵗʰ Dist. Huron No. H-08-019, 2009-Ohio-2764, ¶ 20; and *Johnson-Wooldridge v. Wooldridge*, 10ᵗʰ Dist. Franklin No. 00AP-1073, 2001 WL 838986.

{¶9} In this case, Douglas is pointing to events that occurred after the final hearing date as additional evidence. This court makes no finding on the weight of the evidence as far as whether it would be sufficient to justify a new hearing. However, the trial court specifically found that "[a]ll of the unavailable evidence to which [Douglas] refers relates to occurrences subsequent to the completion of the hearing. It was evidence which the Magistrate could not have heard and considered at the time of the trial because it did not exist at the time of trial". Doc. 194. Juvenile Rule 40(D)(4)(d) and the applicable case law provides that if the trial court determines that there was new evidence which could not have been heard and considered at the time of the trial for consideration by the magistrate, the trial court must hold a hearing on the additional evidence. The trial court in this case made such a finding. Thus, the trial court erred by denying the request for a hearing on the additional evidence even though it had determined that Douglas had demonstrated that she could not, with reasonable diligence, have produced that

evidence for the consideration of the magistrate. For this reason, the assignment of error is sustained.

{¶10} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Allen County, Juvenile Division is reversed and the matter is remanded for further proceedings.

*Judgment Reversed*
*And Remanded*

**SHAW and PRESTON, J.J., concur.**

**/hls**